[No. 27149-1-I.   Division One.   February 18, 1992.]

JOHN YACOBELLIS, *Appellant*, v. THE CITY
OF BELLINGHAM, *Respondent*.

*Rolf G. Beckhusen, Jr.,* for appellant.

*Bruce Disend, City Attorney,* and *Richard N. Little, Jr., Assistant,* for respondent.

PEKELIS, J. — John Yacobellis appeals an order determining the amount of a discretionary award in his favor pursuant to RCW 42.17.340(3) of the public disclosure act. Yacobellis contends that the trial court erred in granting him a $1-per-day statutory award. We reverse and remand.

## I

This appeal arises from a remand by this court to superior court for a determination of costs and attorney fees, as well as an award under RCW 42.17.340(3). In the first appeal, *Yacobellis v. Bellingham,* 55 Wn. App. 706, 780 P.2d 272 (1989), *review denied,* 114 Wn.2d 1002 (1990), this court determined that the trial court had erred in denying Yacobellis relief under the public disclosure act.

In brief, the facts were as follows: On February 4, 1988, Yacobellis filed a complaint under the public disclosure act, seeking access to certain records relating to a golf survey conducted by the City of Bellingham. Yacobellis sought disclosure of all information concerning the golf survey, along with costs and attorney fees, and $25 per day for each day that he was denied access to the records he requested. The trial court ruled in favor of the City, determining that the records requested by Yacobellis were not public records within the meaning of the public disclosure act. *Yacobellis*, 55 Wn. App. at 709. The trial court also determined that the City's destruction of the records rendered moot the issue of their production. Accordingly, the court granted summary judgment in favor of the City. *Yacobellis*, 55 Wn. App. at 709.

On appeal, this court reversed, holding that the records requested by Yacobellis constituted public records within the meaning of the act and were not exempt from public disclosure under any of the applicable statutory exemptions. *Yacobellis*, 55 Wn. App. at 714-15. The case matter was remanded to the trial court for the dual purpose of "(1) set[ting] the amount of costs and attorney fees at trial and upon appeal and (2) determin[ing] whether a statutory award is merited and, if so, the amount thereof." *Yacobellis*, 55 Wn. App. at 716.[1]

On remand, the trial court entered judgment for Yacobellis in the total amount of $9,202.52, which included costs, attorney fees and a statutory award. The trial court found that the costs and attorney fees requested by Yacobellis were reasonable and awarded essentially the amount requested. However, the trial court limited Yacobellis's

---

[1]The statutory award referred to is contained in RCW 42.17.340(3), which provides that:

"Any person who prevails against an agency in any action in the courts seeking the right to inspect or copy any public record shall be awarded all costs, including reasonable attorney fees, incurred in connection with such legal action. In addition, *it shall be within the discretion of the court to award such person an amount not to exceed twenty-five dollars for each day that he was denied the right to inspect or copy said public record*." (Italics ours.)

recovery of costs and fees to those incurred in the period between January 30, 1988, shortly before the lawsuit commenced, and February 6, 1990, when the Washington State Supreme Court denied review of this court's decision. *Yacobellis v. Bellingham*, 114 Wn.2d 1002 (1990). The trial court reasoned that because the public disclosure act permits only those costs and fees "incurred in connection with the legal action", no fees should be awarded for the period of November 26, 1986, through January 29, 1988, which was in preparation for, but prior to, the commencement of the original civil action.

With respect to the discretionary statutory award, the trial court determined that such an award was warranted here. The trial court determined that the relevant inquiry in deciding whether Yacobellis was entitled to a statutory award and the amount of the award was whether and the extent to which he could show actual damages. Because Yacobellis was unable to demonstrate any direct economic damages due to the City's destruction of the public records, the trial court was able to presume only those damages attributable to "inconvenience, frustration, and delays." Expressly exercising the discretion afforded to it under RCW 42.17.340(3), the trial court thus awarded Yacobellis $1 per day from November 16, 1986, the date of his original request for disclosure, through February 6, 1990, the date our Supreme Court denied review.

The trial court refused to consider Yacobellis's contention that the City acted in bad faith, concluding that this was "irrelevant" to the determination under RCW 42.17.340(3). Although the trial court did specifically find that one inference from the record was that Yacobellis made at least three requests to inspect and copy the public records prior to their being destroyed by city officials, it also specifically stated that it made "no finding . . . concerning the good or bad faith of the City".[2]

---

[2]Despite this finding, the trial judge in his oral decision noted the absence of "any demonstrable bad faith" by the City.

## II

Yacobellis claims that the trial court abused its discretion in granting him only a $1-per-day statutory award under RCW 42.17.340(3).[3] His principal contention is that the trial court improperly treated the award as one of damages rather than as a penalty and thus employed the wrong analysis in determining the amount of the award.

RCW 42.17.340(3) clearly places the decision of whether to grant a statutory award, as well as the determination of the amount of the award "within the discretion of the [trial] court". Where the trial court has been granted discretion to act, this court reviews its actions to determine whether there was an abuse of discretion. *General Tel. Co. v. Utilities & Transp. Comm'n*, 104 Wn.2d 460, 472, 706 P.2d 625 (1985). The usual standard by which an appellate court reviews whether the trial court has abused its discretion is expressed in *State ex rel. Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d 775 (1971). Under the standard articulated there, a trial court abuses its discretion if its discretion is manifestly unreasonable, or its exercise is based on untenable grounds, or for untenable reasons. *Junker*, 79 Wn.2d at 26.

Here, in its oral decision, the trial court acknowledged that it must determine whether the award in RCW 42.17.340(3) was in the nature of a penalty or of damages. The trial court then indicated that the award was in the nature of damages and proceeded to analyze the facts accordingly.

Yacobellis contends that the trial court's treatment of the statutory award as a damage award, rather than as a penalty, constituted an abuse of discretion. According to Yacobellis, because the award is a penalty, the amount should have been determined primarily on the basis of the City's bad faith in destroying the public records he requested, an issue the trial court specifically refused to

---

[3]Yacobellis neither challenges the trial court's determination of the applicable time period for computation of the attorney fees award nor the time period for computation of the statutory award. Thus, we do not address either issue here.

address. As a corollary to his contention, Yacobellis also argues that the trial court abused its discretion in placing the burden on Yacobellis to show actual damages in the form of economic loss resulting from the City's wrongful conduct.

The language of RCW 42.17.340(3) does not make explicit the intended nature of the award. It authorizes the trial court to "award" an "amount" not to exceed $25 for each day access to public records is wrongfully denied. RCW 42.17-.340(3). No Washington court has ever squarely decided this issue.[4] However, in *In re Rosier*, 105 Wn.2d 606, 617, 717 P.2d 1353 (1986), our Supreme Court expressly referred to the award as a "penalty". Similarly, in *Hearst Corp. v. Hoppe*, 90 Wn.2d 123, 139, 580 P.2d 246 (1978), the court characterized the statutory award as a "fine" which, along with costs and attorney fees, comprised the public disclosure act's "punitive provisions". The court also emphasized the importance of the award's deterrent effect, stating that "[s]trict enforcement of these [punitive] provisions . . . should discourage improper denial of access to public records and adherence to the goals and procedures dictated by the statute." *Hearst*, 90 Wn.2d at 140.

The goals of the public disclosure act are set out in its declaration of policy, which states, in pertinent part, that:

> [F]ull access to information concerning the conduct of government on every level must be assured as a fundamental and necessary precondition to the sound governance of a free society.

RCW 42.17.010(11). The act further declares that:

> The provisions of this chapter shall be liberally construed to promote . . . full access to public records so as to assure continuing public confidence [in] . . . governmental processes, and so as to assure that the public interest will be fully protected.

RCW 42.17.010(11).

---

[4]Washington courts have traditionally looked to judicial interpretations of the federal Freedom of Information Act (FOIA) for guidance in construing our own public disclosure act. *See Hearst Corp. v. Hoppe*, 90 Wn.2d 123, 129, 580 P.2d 246 (1978). However, FOIA does not have a statutory award provision. *See* 5 U.S.C. § 552 (1988).

■ Thus, the act's declaration of policy makes clear that its primary purpose is to promote broad disclosure of public records. It follows that the act's stated purpose is better served by treating the award as a penalty rather than as a damage award. A penalty is specifically designed to insure performance of statutory duties and can be imposed whenever a violation of duty has occurred. A damage award, in contrast, is designed primarily to compensate individuals for personal injuries and requires that an aggrieved party first show actual loss before an award can be made. A penalty would therefore be more effective than a damage award in deterring governmental agencies from engaging in wrongful denial of public access to public records.

Moreover, to construe RCW 42.17.340(3) as affording trial courts the discretion to treat the award as a damage award would undermine the act's objective of fostering disclosure of public records. Because it will always be difficult to prove damages when the undisclosed documents have been destroyed, governmental agencies might be tempted to destroy public records in order to avoid paying damage awards for nondisclosure.

■ While we conclude that the award in RCW 42.17-.340(3) is intended to be a penalty, we stress that imposition of a penalty does not depend upon a finding by the trial court that the governmental agency's nondisclosure was the result of bad faith. In *In re Rosier, supra,* our Supreme Court indicated that the decision whether to grant an award pursuant to RCW 42.17.340(3) can be affirmed upon a showing of a governmental agency's *unreasonableness* in denying access to public records. 105 Wn.2d at 617. There, it was the trial court, not the governmental agency, that had decided that the agency need not disclose the requested records. *In re Rosier,* 105 Wn.2d at 617. Therefore, the court held that the penalty was not warranted because the *agency* "did not act unreasonably by denying the [individuals'] requests" for public records. *In re Rosier,* 105 Wn.2d at 617.

Conversely, when the governmental agency itself has denied disclosure based on its own erroneous interpretation of the public disclosure act or its exemptions, the trial court is within its discretion in imposing an award under this provision. In *Columbian Pub'g Co. v. Vancouver*, 36 Wn. App. 25, 33, 671 P.2d 280 (1983), Division Two of this court held that the City of Vancouver's good faith in claiming exemptions from the act's disclosure requirement was not dispositive on the issue of whether the statutory award was warranted. The court upheld the award, finding

> no abuse of discretion here. The award is not necessarily a punishment of the City, but simply a reflection of the fact that where the act affords access with only narrow exceptions, the court may impose sanctions in favor of the party whose claim of access has been vindicated. *The City's claim of exemptions is not frivolous, but that is not the test. The City failed to sustain its burden of proving any exemption, and the court acted within the discretion conferred by statute.*

(Italics ours.) *Columbian Pub'g Co.*, 36 Wn. App. at 33. In sum, whenever a governmental agency has unreasonably, *i.e.*, erroneously, denied access to public records, the award under RCW 42.17.340(3) is appropriate.

In Yacobellis's first appeal, this court determined that the City erroneously denied Yacobellis the public records he requested. *Yacobellis*, 55 Wn. App. at 715-16. Thus, although on remand the trial court erroneously characterized the award as a damage award, it was correct in ruling that an award was justified under RCW 42.17.340(3).

### III

The remaining issue to be resolved is whether the trial court abused its discretion in determining the *amount* of the award. Yacobellis contends that the trial court failed to consider the proper factors for deciding the amount of an award under RCW 42.17.340(3). He claims that because the statutory award is a penalty, in determining the amount of the award the trial court was required to give principal consideration to the issue of the City's bad/good faith.

The City disagrees and, in the alternative, claims that the trial court did consider the issue of bad faith, resolving it in favor of the City. The City relies on the fact that in its oral decision, the trial court stated that there was no "demonstrable bad faith" by the City.

Neither the record nor the law supports the City's position that the issue was addressed and resolved in its favor. The trial court specifically stated that it considered the issue of bad/good faith to be irrelevant to the determination of the amount of the award. Moreover, while the trial court made *no* specific finding of the City's bad faith, it did make a specific finding that "[o]ne inference from the record is that [Yacobellis] made at least 3 requests to inspect and copy the public records in this case prior to their being destroyed by city officials." Thus, we conclude that the trial court did not resolve this issue; on the contrary, it expressly deemed it irrelevant.

■ Furthermore, we agree with Yacobellis that in determining the amount of a penalty, the existence or absence of a governmental agency's bad faith is the principal factor which the trial court must consider. Economic loss is also relevant, as Yacobellis acknowledges. Thus, both factors may be considered by the trial court in setting the amount of the award under RCW 42.17.340(3).

However, Yacobellis asserts for the first time on appeal that the statutory award should include remuneration for his uncompensated attorney fees. His argument is that he suffered "economic loss" in the form of legal expenses that he incurred prior to January 29, 1988, the period before which his costs and attorney fees were compensable under RCW 42.17.340(3).

■ Generally, this court declines to consider arguments not presented to the trial court. RAP 2.5; *Ryder v. Port of Seattle*, 50 Wn. App. 144, 150, 748 P.2d 243 (1987). However, because we are remanding this case for a proper determination of the award amount, in the interest of judicial economy, we choose to address Yacobellis's assertion at this time.

■ We disagree with Yacobellis's contention that his pre-January 29, 1988, attorney fees are a form of "economic loss" for purposes of the statutory award. Because RCW 42.17.340(3) differentiates among the relief it provides, specifically distinguishing "costs", "attorney fees", and the discretionary "award", it appears that the three awards were intended to serve different purposes. *See United Parcel Serv., Inc. v. Department of Rev.*, 102 Wn.2d 355, 362, 687 P.2d 186 (1984). Accordingly, we conclude that attorney fees not covered by the attorney fees provision itself should not be permitted to bootstrap their way into the statutory award in RCW 42.17.340(3) under the guise of economic loss.

We thus remand this case to the trial court to properly determine the amount of the award to which Yacobellis is entitled pursuant to RCW 42.17.340(3) with instructions that the court: (1) treat the award as a penalty award, (2) determine whether the City acted in bad faith in destroying the public records requested by Yacobellis, and (3) calculate Yacobellis's compensable economic loss, if any, excluding uncompensated attorney fees.

## V

■ Finally, Yacobellis seeks costs and attorney fees for this appeal pursuant to RCW 42.17.340(3) which provides costs and attorney fees to "[a]ny person who prevails against an agency in any action in the courts seeking the right to inspect or copy any public record". RCW 42.17-.340(3) has been specifically construed as permitting the prevailing party to receive attorney fees on appeal. *See, e.g., Progressive Animal Welfare Soc'y v. UW*, 114 Wn.2d 677, 690, 790 P.2d 604 (1990). The prevailing party is the one who has an affirmative judgment rendered in that party's favor at the conclusion of the entire case. *Stott v. Cervantes*, 23 Wn. App. 346, 348, 595 P.2d 563 (1979). Clearly, Yacobellis has prevailed on the sole issue raised. He is thus entitled to costs and attorney fees for this appeal. RAP 18.1.

Because we are remanding for proper determination of the amount of the award, we also remand to the trial court the task of determining the amount of reasonable attorney fees on appeal.

Reversed and remanded.

WEBSTER, A.C.J., and BAKER, J., concur.