[No. 14296-5-III.    Division Three.    January 16, 1996.]

DOE I, *Plaintiff*, v. WASHINGTON STATE PATROL, *Respondent, and* DOE II, *Appellant.*

298

*Alan L. McNeil* of *University Legal Assistance*, for appellant.

*Christine O. Gregoire, Attorney General*, and *Thomas G. Holcomb, Jr., Assistant*, for respondent.

THOMPSON, J. — Doe I (John Doe) filed this action to enjoin the Washington State Patrol from disclosing a report of its investigation into a sexual assault allegation against him. The superior court eventually determined disclosure was appropriate under the Public Records Act (the Act), and Doe II (Jane Doe), who initially requested the disclosure, moved for monetary penalties and attorney fees from the state patrol. The superior court denied most of the requested fees and penalties, and Jane Doe now appeals. We reverse and remand for award of additional attorney fees.

Jane Doe alleged John Doe sexually assaulted her on August 9, 1991, in Puerto Rico, where both were on civilian status while serving with the Washington Air National Guard. At the National Guard's request, the state patrol investigated the allegation and compiled a report. The state patrol gave a copy of the report to a prosecutor in Puerto Rico, who had jurisdiction over the civilian matter. The state patrol also disclosed summaries of witness statements to John Doe, but not to Jane Doe.

In the fall or winter of 1992, Jane Doe orally requested a copy of the report, and John Doe's attorney orally noti-

fied the state patrol's attorney, Chip Holcomb, that his client would oppose disclosure. On December 16, 1992, Jane Doe submitted a written request for the report. Her letter explained that the prosecutor in Puerto Rico refused to pursue the matter unless she traveled to Puerto Rico at her own expense, which she could not afford. Because the Puerto Rico prosecutor had not provided the report, Jane Doe requested a copy directly from the state patrol. Mr. Holcomb did not respond in writing, but apparently told Jane Doe orally she could not have the report until authorities in Puerto Rico closed the matter.

On February 16, 1993, Mr. Holcomb notified John Doe's attorney by letter that the investigation had been completed and that the state patrol would release the report to Jane Doe "unless your client has initiated an action on or before February 26." Mr. Holcomb sent a copy of the letter to Jane Doe but did not otherwise acknowledge her request in writing. On February 25, 1993, Mr. Holcomb agreed to extend the deadline by one week, until March 5, 1993. Mr. Holcomb's letter also assured John Doe's attorney that a preliminary hearing on John Doe's anticipated request for an injunction would be unnecessary, because a court would "maintain the status quo until a full hearing." Jane Doe also received a copy of this letter.

John Doe filed this action for declaratory and injunctive relief on March 19, 1993. The hearing was delayed repeatedly. Jane Doe requested the first continuance so she could retain counsel to oppose a deposition. All the parties, including Jane Doe, agreed to the other continuances. After the hearing finally was held on July 16, 1993, the superior court held the report should be released pursuant to the Public Records Act, RCW 42.17.250-.348.

The superior court ordered Mr. Holcomb to present an order for signature within 14 days. Mr. Holcomb did not do so, and attorneys for both John Doe and Jane Doe prepared proposed findings and orders for the court. The superior court finally approved findings and an order, prepared by John Doe's attorney, on October 6, 1993. The

state patrol released the report to Jane Doe on November 1, 1993.

In May 1994, Jane Doe moved for attorney fees, costs, and a monetary penalty, pursuant to RCW 42.17.340(4). The superior court held the state patrol had violated RCW 42.17.340. However, the court held Jane Doe could not have received the report while the issue was being litigated, and hearing delays were not the fault of the state patrol. Also, while Mr. Holcomb had failed to submit an order for signature within 14 days of the court's ruling, Jane Doe could have submitted her own findings and order, and the delay in entry of the order was the fault of both parties. Finally, the court held there was no valid reason for the state patrol's delay in releasing the report after the order was entered, and ordered a penalty and attorney fees for the period between October 6 and November 1, 1993. The penalty was $250 ($10 per day for 25 days), and the attorney fee was $58 (one hour at $40 per hour, and twelve minutes at $90 per hour).

The sole issue in this appeal is whether the superior court abused its discretion in refusing to order additional penalties and attorney fees for the period from Jane Doe's request until entry of the court's disclosure order. The Public Records Act, RCW 42.17.250-.348, requires all state and local agencies to disclose public records on request, unless the records are specifically exempted. RCW 42.17.260(1); see *Progressive Animal Welfare Soc'y v. University of Wash.*, 125 Wn.2d 243, 250, 884 P.2d 592 (1994) (*PA WS II*).

> The Public Records Act "is a strongly worded mandate for broad disclosure of public records". *Hearst Corp. v. Hoppe*, 90 Wn.2d 123, 127, 580 P.2d 246 (1978). The Act's disclosure provisions must be liberally construed, and its exemptions narrowly construed. RCW 42.17.010(11); RCW 42.17.251; RCW 42.17.920. Courts are to take into account the Act's policy "that free and open examination of public records is in the public interest, even though such examination may cause inconvenience or embarrassment to public officials or others". RCW 42.17.340(3). The agency bears the burden of proving

that refusing to disclose "is in accordance with a statute that exempts or prohibits disclosure in whole or in part of specific information or records". RCW 42.17.340(1). Agencies have a duty to provide "the fullest assistance to inquirers and the most timely possible action on requests for information". RCW 42.17.290. Finally, agencies "shall not distinguish among persons requesting records, and such persons shall not be required to provide information as to the purpose for the request" except under very limited circumstances. RCW 42.17.270; *see also* RCW 42.17.260(6).

*PAWS* II, 125 Wn.2d at 251-52.

In this case, the superior court concluded no exception applied, and Jane Doe was entitled to receive the state patrol's investigative report. No party has challenged this conclusion. However, Jane Doe contends the state patrol violated the statute by delaying disclosure of the report.

RCW 42.17.320 requires agencies to respond promptly to requests for public records:

Within five business days of receiving a public record request, an agency must respond by either (1) providing the record; (2) acknowledging that the agency has received the request and providing a reasonable estimate of the time the agency will require to respond to the request; or (3) denying the public record request. Additional time required to respond to a request may be based upon the need to clarify the intent of the request, to locate and assemble the information requested, to notify third persons or agencies affected by the request, or to determine whether any of the information requested is exempt and that a denial should be made as to all or part of the request.

RCW 42.17.320; *see* Laws of 1995, ch. 397, § 15. A party affected by a requested disclosure may ask a court to enjoin the disclosure, RCW 42.17.330, as John Doe did in this case.

■■ The Act provides for judicial review of all agency actions, RCW 42.17.340(3), and for an award to the prevailing party of costs, attorney fees, and a statutory penalty

of $5 to $100 for each day the party was denied access. RCW 42.17.340(4). The statutory award is a penalty, intended to encourage broad disclosure and deter improper denial of access to public records. *Hearst Corp. v. Hoppe*, 90 Wn.2d 123, 140, 580 P.2d 246 (1978); *Yacobellis v. City of Bellingham*, 64 Wn. App. 295, 300-01, 825 P.2d 324 (1992). The award of such a penalty does not depend on a finding the agency acted in bad faith. *Yacobellis*, 64 Wn. App. at 301.

■ ■ An award of attorney fees is mandatory, but the amount is within the court's discretion, *Progressive Animal Welfare Soc'y v. University of Wash.*, 114 Wn.2d 677, 683-84, 790 P.2d 604 (1990) (*PAWS* I), as is the amount of the statutory penalty. RCW 42.17.340(4). "[A] trial court abuses its discretion if its discretion is manifestly unreasonable, or its exercise is based on untenable grounds, or for untenable reasons." *Yacobellis*, 64 Wn. App. at 299 (citing *State ex rel. Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d 775 (1971)).

Jane Doe argues she is entitled to attorney fees and/or statutory penalties for the period from December 27, 1992, five days after the state patrol received her written request for the report, until November 1, 1993, when she received the report.

■ The state patrol responds first by pointing out its position throughout the litigation was that the report should be disclosed to Jane Doe. The state patrol argues it therefore was a prevailing party and should not be required to pay fees and penalties to another prevailing party. A prevailing party generally " 'is the one who has an affirmative judgment rendered in his favor at the conclusion of the entire case.' " *PAWS* I, 114 Wn.2d at 684 (quoting *Tacoma News, Inc. v. Tacoma-Pierce County Health Dep't*, 55 Wn. App. 515, 525, 778 P.2d 1066 (1989), *review denied*, 113 Wn.2d 1037 (1990)). In a different context, Division One of this Court has held a party has prevailed when " 'prosecution of the action could reasonably be regarded as necessary to obtain the information,'

and 'the existence of the lawsuit had a causative effect on the release of the information.' " *Coalition on Gov't Spying v. King County Dep't of Pub. Safety*, 59 Wn. App. 856, 864, 801 P.2d 1009 (1990) (quoting *Miller v. United States Dep't of State*, 779 F.2d 1378, 1389 (8th Cir. 1985)).

■ In this case, the superior court awarded some fees and penalties, and thus clearly believed the state patrol was not the prevailing party in this context. The state patrol has not appealed the decision, and we need not consider this argument. Moreover, the state patrol itself argues it was merely "a stakeholder awaiting the outcome." Jane Doe contended disclosure was appropriate beginning December 27, 1992; the state patrol, by contrast, understandably preferred that a court make the decision. The parties were not representing the same interests, and (at least in the context of the issue before the court here) both cannot be prevailing parties.

Even if it were not a prevailing party, the state patrol argues, it was authorized to delay disclosure to determine whether the report was exempt, to notify John Doe of the request, and to give John Doe a reasonable opportunity to oppose the disclosure. RCW 42.17.320 anticipates an agency may need additional time to make these determinations, and the state patrol's concern for John Doe's interests was appropriate.

However, the state patrol failed to comply with the strict requirements of RCW 42.17.320. It did not, within five days of receiving Jane Doe's request, respond by granting or denying the request, or acknowledging the request and providing an estimate of when it would respond. Thereafter, its first written acknowledgement of Jane Doe's request was by copy of Mr. Holcomb's February 16, 1993, letter to John Doe's attorney. In fact, the record suggests the state patrol preferred the rights of John Doe over those of Jane Doe during the period before the action was filed. The state patrol's investigator voluntarily disclosed a summary of the report to John Doe, and Mr. Holcomb repeatedly delayed turning the report over to Jane Doe until

John Doe's attorney could request an injunction. The state patrol did not give Jane Doe the "fullest assistance" required by the statute. *See* RCW 42.17.290.

■ The state patrol violated RCW 42.17.320 by failing to respond promptly to Jane Doe's request. The superior court therefore abused its discretion in failing to award statutory penalties for the period from December 27, 1992, to March 19, 1993, when John Doe filed this action.

Jane Doe argues she also should receive fees and penalties for the period from March 19, 1993, to July 16, 1993, when John Doe's action for injunctive relief was pending. She contends the state patrol continued to refuse to disclose the report, even though there was no court order preventing it. Jane Doe points out that Mr. Holcomb advised John Doe's attorney a preliminary hearing would be unnecessary, since a court would maintain the status quo until a full hearing.

Mr. Holcomb's advice was undoubtedly correct; we do not fault him for attempting to avoid additional litigation, when all the parties apparently anticipated a quick hearing on the issue. Also, as the superior court found, Jane Doe either requested[1] or acquiesced in various delays in hearing the matter. Although the state patrol may have avoided the problem by insisting on a preliminary order, it appears Jane Doe did not raise this question at the time. Under these circumstances, the superior court did not abuse its discretion in denying fees and penalties during this period.

■ ■ Finally, Jane Doe argues she should receive attorney fees and penalties for the period from July 16, 1993, when the superior court orally ordered disclosure, until October 6, 1993, when the court finally approved the findings and order. A court's oral ruling is not a final decision,

---

[1]Jane Doe argues her request for a continuance was for newly retained counsel to represent her in opposing a deposition. Her desire to oppose the deposition, and her need for counsel to represent her, are not at issue. The fact is that her legitimate request for a continuance was at least partly the reason for the delay.

and is not binding unless it is formally incorporated into the written findings, conclusions, and judgment. *In re Harshman*, 18 Wn. App. 116, 120, 567 P.2d 667 (1977). Therefore, the issue remained pending until formal entry of the court's order. Although the superior court ordered Mr. Holcomb to prepare the documents for the court's signature, the court later found Jane Doe was equally responsible. Jane Doe's attorneys recognized this responsibility by preparing their own proposed findings and order. The superior court did not abuse its discretion in denying fees and penalties for this period.

We hold the superior court abused its discretion in refusing to award attorney fees and penalties for the period from December 27, 1992 (five days after the state patrol received Jane Doe's request) until March 19, 1993 (when John Doe filed this action for injunctive relief). The court did not abuse its discretion in denying fees and penalties during the period when the action was pending, from March 19, 1993, to October 6, 1993. The court's order is reversed, and the case is remanded for determination of the appropriate fees and penalties.

Jane Doe also has requested attorney fees on appeal. The Public Records Act's authorization of attorney fees includes fees on appeal. *PAWS I*, 114 Wn.2d at 690. Jane Doe is the prevailing party on appeal and is entitled to attorney fees. We order the superior court on remand to determine the appropriate fees, pursuant to RAP 18.1(i).

SCHULTHEIS, A.C.J., and MUNSON, J., concur.