929 P.2d 389 (1997)
131 Wash.2d 25
Nora AMREN, Appellant,
v.
The CITY OF KALAMA, Respondent.
No. 63929-9.
Supreme Court of Washington, En Banc.
Argued October 23, 1996.
Decided January 9, 1997.
*391 Scott M. Missall, Seattle, Christine Gregoire, Attorney General, James K. Pharris, Asst., Olympia, for amicus curiae.
Eisenhower & Carlson, Guy J. Sternal, Amy C. Lewis, Tacoma, for appellant.
Alan L. Engstrom, Longview, for respondent.
*390 MADSEN, Justice.
This case involves the interplay between a provision of the public disclosure act, RCW 42.17.295, and a provision of the state civil service law, RCW 41.06.450(1)(a), and whether these provisions provide an exemption from disclosure a State Patrol report investigating citizen complaints regarding the City of Kalama's police chief. This court concludes that RCW 42.17.295 and RCW 41.06.450(1)(a) do not create an exemption in this case and reverses the trial court order denying disclosure.

STATEMENT OF THE CASE
Mike Pennington was hired as the Kalama police chief by Mayor Glen Munsey in March of 1994. According to the affidavit submitted by the Mayor, complaints regarding the police chief began at a city council meeting in the spring of 1995. At the meeting, a citizen complained that when he went to the police station to collect property which had been seized during his son's arrest the police chief treated him in a threatening, intimidating, and otherwise unprofessional manner. The police chief denied the citizen's version of the encounter and an unidentified third party who was present substantiated the police chief's statements.
After the city council meeting, the Mayor and other council members continued to receive complaints from citizens regarding the Chief's enforcement of the law and in particular, about the Chief's alleged aggressiveness. In the spring of 1995, citizens asked the city council to have an outside investigator look into alleged mistreatment by Kalama police officers that occurred during a drug arrest and to investigate other prior incidents involving the Chief. Initially, it was the Mayor who conducted the investigation and he determined that the allegations were without merit and that an outside investigation was not warranted.
It was not until citizens complained that the Mayor was "too close to the Chief" that the Mayor requested the State Patrol to investigate the citizen complaints. Clerk's Papers (CP) at 37. The State Patrol made it clear to the Mayor that they were not conducting a criminal investigation. In October of 1995, the State Patrol finished its investigation and delivered the report to the City. According to the Patrol Captain's letter to the Mayor, the report contained no "conclusions or recommendations." CP at 44. The report consists of three volumes of witness statements and backup documentation. The report dealt with five categories of complaints including failure to exhibit courtesy to the public, failure to follow proper complaint receiving procedures, use of excessive force, lack of telephone courtesy, and prejudicial conduct.
The Mayor, Councilman Doug Reel and Councilwoman Mary Gillespie read the report. After the Mayor reviewed the report, he concluded that the allegations were unfounded and false. Although the Mayor exonerated the Chief of any wrongdoing, he set several "goals" for 1996 for the Chief and his department. CP at 40. These "goals" included requiring the Chief and his department to attend classes in cultural sensitivity and community oriented policing and asked the Chief to refer to Kalama as "our town" *392 instead of "my town" and to "be very careful in the use of any ethnic comments." CP at 45.
In February of 1996, Nora Amren, a citizen of Kalama, requested a copy of the State Patrol's report on the Chief. The City of Kalama denied the request. Following the City's denial, Amren filed the present action seeking a writ of mandamus directing the City to produce the report under the public disclosure act, RCW 42.17.250. Pursuant to RCW 42.17.340, Amren also sought attorney's fees and $25 for each day disclosure was not provided.
The City of Kalama claimed that the report was exempt from disclosure under RCW 42.17.295 and RCW 41.06.450(1)(a). RCW 42.17.295 of the public disclosure act provides that an agency may destroy information relating to employee misconduct pursuant to RCW 41.06.450. RCW 41.06.450(1)(a) provides:
(1) By January 1, 1983, the Washington personnel resources board shall adopt rules applicable to each agency to ensure that information relating to employee misconduct or alleged misconduct is destroyed or maintained as follows:
(a) All such information determined to be false and all such information in situations where the employee has been fully exonerated of wrongdoing, shall be promptly destroyed;
The trial court found as a matter of law that RCW 42.17.295 and RCW 41.06.450(1)(a) provided an exemption for the report.
Although a request was made by counsel for Amren,[1] the trial court declined to conduct an in camera review of the report. Based solely on the Mayor's affidavit which concluded that the allegations were false and unfounded, the trial court held that the report was exempt from public disclosure pursuant to RCW 41.06.450(1)(a). Consequently, because the trial judge did not conduct an in camera review, the State Patrol report did not become part of the record on review. Amren appealed the trial court's order denying disclosure and this court accepted review pursuant to RAP 4.2(a)(4).

DISCUSSION
Initiative 276 was passed by Washington State voters in 1972. The act which is known as the public disclosure act (the Act) became effective January 1, 1993. See Laws of 1973, ch.1; RCW 42.17. The Act was designed to provide open access to governmental activities. RCW 42.17.010. The Act reflects the belief that the sound governance of a free society demands that the public have full access to information concerning the workings of the government. The purpose of the Act is to ensure the sovereignty of the people and the accountability of the governmental agencies that serve them. RCW 42.17.251.
This court has found that the Act is a "strongly worded mandate for broad disclosure of public records." Progressive Animal Welfare Society v. University of Washington, 125 Wash.2d 243, 251, 884 P.2d 592 (1994) (PAWS) (quoting Hearst Corp. v. Hoppe, 90 Wash.2d 123, 127, 580 P.2d 246 (1978)); Spokane Police Guild v. Liquor Control Bd., 112 Wash.2d 30, 33, 769 P.2d 283 (1989). Thus, it is to be liberally construed to promote full access to public records, and its exemptions are to be narrowly construed. PAWS, 125 Wash.2d at 251, 884 P.2d 592; RCW 42.17.251.
The Act requires all state and local agencies to disclose any public record upon request, unless the record falls into the specific exemptions listed in RCW 42.17.260(6), RCW 42.17.310, RCW 42.17.315, or any other statute which exempts or prohibits disclosure of specific records or information. RCW 42.17.260(1). There is no dispute in this case that the State Patrol report is a "public record"[2] as defined by the Act and that the *393 City is an "agency"[3] within the meaning of the Act. The City of Kalama must, therefore, make the documents available to Amren unless a statutory exemption applies. Additionally, if the requested material contains both exempt and non-exempt material, the exempt material may be redacted but the remaining material must be disclosed. RCW 42.17.310(2).[4] The City of Kalama has the burden of proving that the information sought falls within one of the Act's exemptions. See Brouillet v. Cowles Publishing Co., 114 Wash.2d 788, 793, 791 P.2d 526 (1990); Spokane Police Guild, 112 Wash.2d at 35, 769 P.2d 283; RCW 42.17.340(1).
Because the trial court decided this case on the basis of affidavits, this court will review its decision de novo. See PAWS, 125 Wash.2d at 252, 884 P.2d 592; Brouillet, 114 Wash.2d at 794, 791 P.2d 526; RCW 42.17.340(3). Courts are to take into account the Act's policy "that free and open examination of public records is in the public interest, even though such examination may cause inconvenience or embarrassment to public officials or others." PAWS, 125 Wash.2d at 251, 884 P.2d 592 (quoting RCW 42.17.340(3)).
The City of Kalama relies on the "other statute" exemption in RCW 42.17.260(1) to deny the request for disclosure of the State Patrol's report in its entirety and bases its denial on RCW 42.17.295 and RCW 41.06.450(1)(a). The City of Kalama asserts that RCW 41.06.450 implicitly creates an exemption from disclosure in cases like the one at bar where an employee has been exonerated of wrongdoing. The City contends that by passing RCW 42.17.295 and RCW 41.06.450(1)(a) the Legislature determined that maintaining false information relating to alleged employee misconduct is unfair to employees and serves no useful function and, thus, the Legislature authorized the nondisclosure and destruction of the information. The City also asserts that the employing agency has unreviewable authority to determine the truth or falsity of the allegations of employee wrongdoing.
The only question we have to answer in this case is whether the statutes relied on by the City and the trial court create an exemption for the City.[5] As Amren and the Attorney General in its brief of amicus note, these two statutes, unlike most of the provisions in RCW 42.17, apply only to state government and have no applicability to a local government such as the City of Kalama. RCW 41.06 is the state civil service law, and as such governs only agencies of state government. The definition of an agency under the state civil service statute is defined as "an office, department, board, commission, or other separate unit or division, however designated, of the state government." RCW 41.06.020(1) (emphasis added). This is contrasted by the broader "state" and "local" agencies that are subject to the public disclosure act. RCW 42.17.020(1).
Moreover, RCW 42.17.295 and RCW 41.06.450 were enacted as part of the same bill, Substitute House Bill 593, 47th Leg., Regular Sess., Laws of 1982, ch. 208, entitled "An act relating to state employees." These statutes were passed as a part of the State Employee Whistleblower Protection Act and authorized rule-making to provide for the destruction of whistleblower complaints where the employee has been exonerated of wrongdoing or where the information is *394 found to be false. See Laws of 1982, ch. 208, §§ 1-7, as codified in RCW 42.40.
The City of Kalama's police chief is not a state employee, he is an employee of the City of Kalama. A separate civil service statute exists for city police which does not contain language similar to that found in RCW 41.06.450(1)(a). See RCW 41.12. Furthermore, in 1992, the Legislature enacted a separate whistleblower law for local government, Laws of 1992, ch. 44 (codified primarily in RCW 42.41), which also contains no language analogous to RCW 41.06.450.
The City of Kalama asserts that it has adopted RCW 41.06.450(1)(a), that it applies here and that it is therefore bound to follow the requirements of the state civil service laws in the instance of police personnel. The Kalama municipal code, however, does not reference RCW 41.06.450(1)(a) or any other state civil service laws in the instance of police personnel. It does reference the civil service statute for city police, RCW 41.12, which as stated above does not have any provisions similar to RCW 41.06.450(1)(a). See Kalama Municipal Code ch. 2.48. Even if the municipal code did reference the state civil service law this would not transform a city police officer into a state employee. Additionally, the fact that the report was conducted by the State Patrol does not make the state civil statute applicable because the report pertains to a city not a state employee.
To state simply, RCW 42.17.295 and RCW 41.06.450 do not apply in this case because they do not apply to cities.[6] We find that the trial court erred and the exemption under RCW 42.17.295 and RCW 41.06.450 does not apply to the report on Kalama's police chief.[7] We order the disclosure of the State Police report on Police Chief Pennington as requested by Nora Amren.
The next issue is whether attorney's fees at trial and on appeal and an award for the delay in receiving the report should be granted. RCW 42.17.340(4) directs the court to award attorney fees and costs to any person who prevails against an agency in an action seeking the disclosure of public records. See PAWS, 125 Wash.2d at 271, 884 P.2d 592.
The City of Kalama asserts that a reasonable basis in law for withholding disputed records is a valid basis for the court to deny attorney fees citing federal cases decided under the Freedom of Information Act (FOIA). The City's reliance on these cases is misplaced. First, the statute is very clear that the court "shall" award attorney's fees to a person who prevails against an agency in an action seeking the disclosure of public records. RCW 42.17.340(4). Second, the FOIA does not provide any guidance with respect to the question of costs, attorney's fees, or penalties because the FOIA does not have a provision similar to RCW 42.17.340(4).
[T]he state act is more severe than the federal act in many areas. It provides attorney's fees to the successful party in the event legal action need be commenced to acquire records desired and costs are also recoverable against the agency up to [$100] per day for each day the documents are wrongfully withheld.... The FOIA does not have a similar penalty provision.
Hearst, 90 Wash.2d at 129, 580 P.2d 246.[8] We conclude that Nora Amren is entitled to reasonable attorney fees incurred at the trial court and on appeal.
Amren also asks this court for an award of $25 a day for each day the City has withheld *395 disclosure of the State Police report on Police Chief Pennington. RCW 42.17.340(4) provides:
In addition, it shall be within the discretion of the court to award such person an amount not less than five dollars and not to exceed one hundred dollars for each day that he was denied the right to inspect or copy said public record.
This provision has been treated by this court as a penalty to enforce the strong public policies underlying the public disclosure act. PAWS, 125 Wash.2d at 271, 884 P.2d 592; see also In re Rosier, 105 Wash.2d 606, 617, 717 P.2d 1353 (1986) (this court referred to the award as a "penalty");[9]Hearst, 90 Wash.2d at 139-40, 580 P.2d 246 (this court characterized the award as a "fine" which, along with costs and attorney's fees, comprised the public disclosure act's "punitive provisions"). This court has emphasized that "strict enforcement" of this provision "will discourage improper denial of access to public records." PAWS, 125 Wash.2d at 271, 884 P.2d 592 (quoting Hearst, 90 Wash.2d at 140, 580 P.2d 246). Since the award has been treated as a penalty it is not necessary for a party to show actual damages to receive the statutory award. See Yacobellis v. Bellingham, 64 Wash.App. 295, 301, 825 P.2d 324 (1992).
The award provision does not require a showing of bad faith for the imposition of a penalty. Likewise, a good faith reliance on an exemption will not exonerate an agency from the imposition of a penalty where the agency has erroneously withheld a public record. In Yacobellis, the Court of Appeals emphasized that bad faith on the part of the agency in denying disclosure was not required for the imposition of a penalty. Id. Likewise, the Court of Appeals in Columbian Publishing Co. v. City of Vancouver, 36 Wash.App. 25, 33, 671 P.2d 280 (1983), found that the city's good faith in claiming exemptions from the Act's disclosure requirement was not dispositive on the issue of whether the statutory award was warranted.
The award is not necessarily a punishment of the City, but simply a reflection of the fact that where the act affords access with only narrow exceptions, the court may impose sanctions in favor of the party whose claim of access has been vindicated. The City's claim of exemptions is not frivolous, but that is not the test.
Id. To the extent that the parties indicate that a showing of "unreasonableness" on the part of the agency is required for an imposition of an award, such a standard is not required by the language of the statute and is not supported by decisions of this court.[10] As we have stated, this provision is treated as a penalty which is not dependent upon a showing of an agency's good or bad faith in its claim of exemptions under the Act. Requiring that an agency act unreasonably before imposing a penalty would be similar to a requirement of bad faith which is not required under the Act.
We conclude that when an agency erroneously denies a public record and a party has prevailed against the agency in obtaining a copy of the public record an award is warranted. See Yacobellis, 64 Wash.App. at 302, 825 P.2d 324 (an award is warranted whenever an agency has erroneously denied access to the public a copy of a public record). This is consistent with the Act's strong policy favoring "strict enforcement" of the award provision to discourage improper denial of public records. Since this court has found that the City of Kalama *396 erroneously withheld the State Police report, Amren is entitled to an award not less than $5 and not more than $100 for each day the report has been withheld.
Although a showing of bad faith or economic loss is not required in the determination of whether an award for delay in disclosure should be granted they are factors for the trial court to consider in determining the amount to be awarded. When determining the amount of the penalty to be imposed "the existence or absence of [an] agency's bad faith is the principal factor which the trial court must consider." Yacobellis, 64 Wash.App. at 303, 825 P.2d 324 (the court determined that the trial court erred in its award determination of one dollar per day because it did not consider evidence of the city's bad faith when determining the amount of the award). Economic loss is also a factor to be taken into account in determining the amount to be awarded. Id. Thus, when determining the amount of the award, the trial court should take into consideration evidence of both bad faith and economic loss.
The Appellant argues that certain actions by the City constitute bad faith and asks this court to determine the penalty amount to be granted for the delay in receiving the report. Although the arguments made by Amren are compelling as potential evidence of bad faith,[11] we decline to resolve this issue. A determination of the amount of the award necessitates a fact finding concerning the allegations made by the Appellant that the City has acted in bad faith and any potential evidence of economic loss incurred by the Appellant as a result of the delay. No findings of fact were made regarding these issues for this court to review on appeal. Since it is not the province of this court to engage in fact finding, we remand the issue of the proper penalty amount to the trial court to resolve.
In conclusion, we find that RCW 41.06.450 and RCW 42.17.295 do not exempt the report on Police Chief Pennington from disclosure under the Act and require the City of Kalama to disclose the report to Nora Amren. We remand to the trial court for a determination of reasonable attorney's fees and a determination of the amount of the award for the delay in receiving the report.
DURHAM, C.J., and DOLLIVER, SMITH, GUY, JOHNSON, ALEXANDER, TALMADGE and SANDERS, JJ., concur.
NOTES
[1] Tape of oral argument before the Washington State Supreme Court of Amren v. City of Kalama, No. 63929-9 (Oct. 23, 1996).
[2] RCW 42.17.020(36) provides:

"Public record" includes any writing containing information relating to the conduct of government or the performance of any governmental or proprietary function prepared, owned, used, or retained by any state or local agency regardless of physical form or characteristics.
[3] RCW 42.17.020(1) provides:

"Agency" includes all state agencies and all local agencies. "State agency" includes every state office, department, division, bureau, board, commission, or other state agency. "Local agency" includes every county, city, town, municipal corporation, ... or special purpose district, or any office, department, division, bureau, board, commission, or agency thereof, or other local public agency.
[4] RCW 42.17.310(2) provides:

Except for information described in subsection (1)(c)(i) of this section and confidential income data exempted from public inspection pursuant to RCW 84.40.020, the exemptions of this section are inapplicable to the extent that information, the disclosure of which would violate personal privacy or vital governmental interests, can be deleted from the specific records sought.
[5] This decision does not discuss the potential applicability of the exemptions set forth in RCW 42.17.310 because the City of Kalama expressly declined to rely on those exemptions as its basis for withholding the State Police report. See Clerk's Papers at 29.
[6] Although the City's contention that its decision concerning the veracity of the report should not be reviewable need not be reached, we note that this court has repeatedly stated that "`[l]eaving interpretation of the act to those at whom it was aimed would be the most direct course to its devitalization.'" Servais v. Port of Bellingham, 127 Wash.2d 820, 834, 904 P.2d 1124 (1995) (quoting Hearst, 90 Wash.2d at 131, 580 P.2d 246); Brouillet, 114 Wash.2d at 794, 791 P.2d 526. The court, not the agency seeking to avoid disclosure, determines whether the records are exempt. Id.
[7] Other issues such as whether the personnel resources board has adopted any rules relating to the destruction of records and whether these statutes create an exemption under the act for state employees need not be reached.
[8] The FOIA attorney fees provision provides that a court "may assess against the United States" attorney's fees to a prevailing requester. 5 U.S.C. § 552(a)(4)(E). "May" is a discretionary term in contrast to the mandatory "shall" used in RCW 42.17.340(4).
[9] This court's definition of a protected privacy interest under the Act in In re Rosier, 105 Wash.2d 606, 717 P.2d 1353 (1986) was superseded by RCW 42.17.255.
[10] The Court of Appeals opinion in Yacobellis v. City of Bellingham, 64 Wash.App. 295, 825 P.2d 324 (1992) was cited for the proposition that an agency must act unreasonably before an award can be granted. The Court of Appeals cited this court's opinion in Rosier for the notion that an agency must act unreasonably for an award to be imposed. However, Rosier did not provide for such a standard. In Rosier this court found that a penalty was not warranted because the trial court, not the governmental agency, decided that the agency need not disclose the requested record. Rosier, 105 Wash.2d at 617, 717 P.2d 1353. Moreover, to require unreasonable conduct as the standard for award of penalties would be inconsistent with the strong policy of the Act to discourage improper denial of access to public records.
[11] The Appellant contends that the City's argument that RCW 42.17.295 and RCW 41.06.450(1)(a) apply to the City was marginal and had no reasonable basis in law because it was clear that the provisions applied only to state agencies and employees. Appellant also notes that the Mayor in his affidavit and the City in its brief misled this court stating that the City had adopted the state civil service laws in the instance of police personnel when, in fact, they had not. Additionally, in the letter denying Amren's disclosure request the City Attorney stated that he intended to confer with Assistant Attorney General Smith and that if after conferring with her he found that the City's basis for denial was unfounded he would notify Amren. The Appellant alleges that the City Attorney was in contact with the Attorney General's office and, thus, was aware of the Attorney General's position that RCW 42.17.295 and RCW 41.06.450 have no applicability to local governments. In spite of the Attorney General's response, the City continued to rely on these statutes as its basis for withholding the report. Finally, the Appellant argues that the Mayor, who removed himself from the investigation after complaints that he was "too close to the Chief," should not have then placed himself as the final judge as to whether the report had merit and whether it would be released to the public. See CP at 37.