[No. 49814-2-I.   Division One.   December 16, 2002.]

DAVID VIOLANTE, ET AL., *Appellants*, v. KING COUNTY FIRE DISTRICT No. 20, *Respondent*.

566

*James M. Cline* (of *Cline & Associates*) and *Margaret M. Boyle*, for appellants.

*Thomas E. Platt* and *Theresa E. Pruett* (of *Perkins Coie*), for respondent.

ELLINGTON, J. — Under the public disclosure act (PDA), a plaintiff is a prevailing party, and is entitled to attorney fees, and costs, if suit was reasonably necessary to obtain the records requested and caused the release of the records. King County Fire District No. 20 (the District) failed to provide documents requested by the Skyway Firefighters Association (the Association) until after the Association filed this action. Viewed objectively, the lawsuit was reasonably regarded as necessary to obtain the records, and it is undisputed that the suit caused release of the records. The Association is therefore the prevailing party, and we reverse and remand.

David Violante is vice president of the Skyway Firefighters Association Local 3740. In January of 2000, Violante began making monthly public disclosure requests to his employer, King County Fire District No. 20, seeking documents relating to ongoing contract negotiations between the District and the union. On April 18, 2001, Violante formally requested a copy of the District's 2001 budget. The District did not respond, apparently because the Chief's secretary usually handled such requests and was then on vacation. On April 27, Violante formally repeated the request, and on May 2, the District responded, "Because of the nature of your request, it is likely that it will take us more than the five days to assemble the records. Fire District 20 will provide you with a response to your request within fourteen days of this letter."[1] On May 18, Violante asked the Chief's secretary why the District had not provided the budget. Later that day, she wrote a letter to Violante at the request of Chief Fitzgerald, stating:

---

[1] Clerk's Papers at 123.

"Per your request for the 2001 operating budget for King County District, the amount is as follows: $1,245,036.00."[2]

The Association then referred the matter to its legal counsel, who made a fourth request for the budget information on May 25, indicating that the single dollar amount was "not responsive" and asking for a detailed breakdown:

> Please provide immediately a detailed description by category of all your expenditures to date in 2001 as well as your projected expenditures for the balance of the year. Please also provide a summary by category of those expenditures.[3]

The District never responded to this request.[4]

On June 21, the Association filed this action in superior court, seeking disclosure of documents containing the 2001 budget information, as well as fees and costs. A show cause order was served on the District on July 25. On August 3, the District produced its 2001 expenditure records.

The Association sought to recover fees, costs, and penalties for late disclosure. The trial court concluded the Association was not a prevailing party entitled to fees and costs under the PDA, and dismissed the action. The Association appeals.

▪ Where, as here, the record consists only of affidavits, memoranda, and other documentary evidence, we stand in the same position as the trial court and review the record de novo.[5]

▪ Prevailing Party. The public disclosure act requires a government agency to produce records upon request, unless an exemption applies.[6] Where records are not produced and a lawsuit is filed, "any person who prevails" is entitled to an

---

[2] Clerk's Papers at 78.

[3] Clerk's Papers at 90.

[4] The trial court found that the District received this letter on May 29 and that this letter triggered the District's obligation to produce expenditure records under the public disclosure act, chapter 42.17 RCW.

[5] *Progressive Animal Welfare Soc'y v. Univ. of Wash.*, 125 Wn.2d 243, 252, 884 P.2d 592 (1994) (*PAWS*).

[6] RCW 42.17.260.

award of all costs, including a reasonable attorneys fee, and to payment of not less than five dollars per day for each day the right to inspect or copy the record requested was denied.[7] A plaintiff is a prevailing party if " 'prosecution of the action could reasonably be regarded as necessary to obtain the information' " and " 'the existence of the lawsuit had a causative effect on the release of the information.' "[8] Since the District does not dispute causation, the question is whether the Association's lawsuit was a step reasonably regarded as necessary to obtain the requested information.

The District argues that it was not. The District points to the parties' "ongoing and informal relationship,"[9] its history of prompt responses to prior Association PDA requests, and the fact that the District at no time denied the request for budget documents. The District contends first that the Association insists upon disclosure of the precise document identified in its requests, and that there is no District document entitled "2001 Budget"; and second, that when Association counsel's clear request for expenditure documents was received, it was inadvertently overlooked, and that Violante should have walked to Chief Fitzgerald's office to remind him of the request.

The District particularly argues that the Association should have raised this issue in the course of the parties' ongoing labor negotiations. The District contends the Association has a duty to "meet, confer and negotiate in good faith"[10] under the National Labor Relations Act (NLRA) and the Washington public employment labor relations act, and that the lawsuit was not only not reasonably necessary, but violated this duty.

The trial court agreed, finding that "plaintiff's failure to contact District No. 20 prior to filing the complaint was in

---

[7] RCW 42.17.340.

[8] *Coalition on Gov't Spying v. King County Dep't of Pub. Safety*, 59 Wn. App. 856, 863, 801 P.2d 1009 (1990) (quoting *Miller v. United States Dep't of State*, 779 F.2d 1378, 1389 (8th Cir. 1985)).

[9] Resp't's Br. at 20.

[10] Resp't's Br. at 18.

contravention of the National Labor Relation Board's general policy of cooperation between parties in the exchange of information."[11]

We reject this analysis. First, the District cites no authority holding that disclosure requests are handled differently when requesting parties have an ongoing relationship with the agency, or that unions are in a unique category subject to different procedures or remedies. Second, the PDA sets up a formal process that is independent of ongoing relationships. Parties will frequently have other means of access to government documents, such as informal acquisition or discovery in litigation. The statute does not permit agencies to avoid disclosure just because parties may have other avenues available. Further, as circumstances here demonstrate, this sort of inquiry into relationships is problematic at best, involving as it does the question of how the agency would have responded had the requesting party behaved differently.[12] Finally, as the Association points out, it is governed by the Washington Public Employees Collective Bargaining Act, chapter 41.56 RCW, not the NLRA; and nothing in either statute requires a union to forgo rights granted elsewhere.

The District was required, within five days, to respond to each request by (1) providing the requested record, (2) acknowledging receipt of the request and providing a reasonable estimate of the time required to fill the request, or (3) denying the request.[13] The triggering request here was the fourth, filed by Association counsel. But in determining whether a suit is reasonably necessary, the history of related requests is relevant. To the Association's first request for the 2001 budget, the District made no response

---

[11] Clerk's Papers at 188.

[12] The District contends that had Violante spoken personally to the Chief, "the District would have produced the requested documents," and the lawsuit would have been unnecessary. Resp't's Br. at 20-21. Given the District's failure to respond to four requests, including one informal request by Violante to the Chief's secretary, this assertion is speculation.

[13] RCW 42.17.320.

at all. To the second, it gave a time estimate for producing the budget, but then failed to do so or to ask for clarification. After an informal third request, the District provided merely a dollar figure.[14] The Association then made, through counsel, a formal fourth request, noting that the dollar figure was "not responsive," and asked specifically for detailed expenditure information. Still the District did not respond. Only then did the Association file this lawsuit.

■■ Whether suit is reasonably regarded as necessary must be objectively determined from the point of view of the requesting party. We agree with the District that a history of prompt responses to previous requests may be relevant. But after four attempts to obtain the same information, the likelihood of inadvertent agency error was obviously low, the likelihood of a timely response was obviously nil, and there was nothing to indicate the Association's request would ever be honored. Viewed objectively from the Association's point of view, this lawsuit was reasonably regarded as necessary. The Association is therefore a prevailing party under RCW 42.17.340.

■ ■ Fees, Costs, and Penalty. Under the PDA, a prevailing party is entitled to an award of all costs, including a reasonable attorneys fee.[15] The prevailing party is also entitled to a penalty, in the court's discretion, of "an amount not less than five dollars and not to exceed one hundred dollars for each day that he was denied the right to inspect or copy said public record."[16] We therefore remand for determination of such amounts, including those fees and costs incurred in this appeal.[17]

---

[14] The District contends it "does not have—and never has had—a document titled the '2001 Budget.'" Resp't's Br. at 6. The District did, however, have a document so titled in 2000. See Clerk's Papers at 137. The documents ultimately disclosed contain the same information categories found in the 2000 Budget, but are titled "2001 Spending Guidelines." Clerk's Papers at 100.

[15] RCW 42.17.340.

[16] RCW 42.17.340(4); Amren v. Kalama, 131 Wn.2d 25, 35, 929 P.2d 389 (1997).

[17] See PAWS, 125 Wn.2d at 271.

Reversed and remanded.

GROSSE and APPELWICK, JJ., concur.