[No. 19053.    Department One.    April 21, 1925.]

## William Steward, *Respondent*, v. C. M. Kopp Company, *Appellant*.[1]

Evidence (33)—Burden of Proof—Matters of Defense. In an action on a contract of sale, in which the defendant pleads affirmatively that the transaction was a shipment on consignment for sale, and interpleads, asking affirmative relief, upon detailed proof as to the consignment, it is not error, after instructing that the burden was on plaintiff to prove the sale, to instruct that the burden was upon the defendant to establish the consignment for sale.

Appeal from a judgment of the superior court for Yakima county, Nichoson, J., entered July 8, 1924, upon the verdict of a jury rendered in favor of the plaintiff, in an action on contract. Affirmed.

*James S. Freece*, for appellant.
*Snively & Bounds*, for respondent.

Bridges, J.—The plaintiff sought judgment against the defendant on account of an alleged sale of apples. The defendant, by his answer, denied that there had been a sale, and affirmatively alleged that the apples had been consigned to him and that, as consignee, he had taken proper care of them and had used his best endeavors to dispose of them under the most favorable circumstances and for the best obtainable price, and that he had fully accounted to the plaintiff for the sales price (less certain expenses and commissions) except as to $25, which amount he tendered into court for plaintiff and prayed to be relieved of further liability. There was a verdict for the plaintiff in the sum of $500, and this appeal results. The jury found there had been a sale and not a consignment.

The chief ground for reversal is the giving of two instructions, the first one being to the effect ''that the

[1]Reported in 234 Pac. 1053.

burden is upon the defendants to prove by a fair preponderance of the evidence the allegation relative to the contention they make that the sale was made on consignment . . . that the agreement was for a consignment basis,'' and the second instruction was concerning the duties of the consignee in the event the jury should conclude that there had been a consignment rather than a sale. The court had previously told the jury that the plaintiff had the burden of proving his allegation that there had been a sale.

Appellant's argument is that the burden of proof was on the respondent at all times and never on him, and that it was error for the court to instruct otherwise. His contention is that his affirmative allegations and proof to the effect that the transaction was one of consignment amounted to nothing more than a denial that there had been a sale, and that all of the affirmative matter of the answer could have been proved under the general denial.

It must be conceded that, generally speaking, appellant's contention is correct, that there would be no burden on him to prove that the transaction was one in consignment in order to disprove the respondent's claim of outright sale. Whenever a defendant denies that the transaction set out in the complaint took place and affirmatively alleges that it was of a different nature, no burden of proof rests upon him, but continues throughout the trial upon the plaintiff. But it seems to us that appellant is not in position to make the argument he does. His answer is in the nature of an interpleader, or an independent suit by way of cross-complaint seeking to have certain differences between him and the respondent adjudicated. Not only did his testimony go to show that the transaction was one of consignment, but he proved in detail the performance of his duties as a consignee, all of which was,

of course, unnecessary if he meant to do nothing more than to show that the transaction was not one of sale. He seeks affirmative relief and brings a sum of money into court for the plaintiff, asking to be relieved of any further liability. Under these circumstances, it was not improper for the court to impose upon appellant the burden of proof concerning the matters affirmatively alleged by him. In the peculiar circumstances of this case we cannot hold that the court's instructions were erroneous.

Nor do we think the trial court erred in refusing to grant a new trial for any of the other reasons mentioned in appellant's brief.

The judgment is affirmed.

TOLMAN, C. J., PARKER, MAIN, and ASKREN, JJ., concur.