[No. 23351. Department One. December 11, 1931.]

THE STATE OF WASHINGTON, *on the Relation of J. D. Wright, Appellant,* v. SCHOOL DISTRICTS NOS. 45 AND 13 OF KITSAP COUNTY *et al., Respondents.*[1]

[1]Reported in 5 P. (2d) 1009.

*Marion Garland* and *J. W. Bryan,* for appellant.
*Maurice W. Orth,* for respondent.

TOLMAN, C. J.—This action was instituted for the purpose of contesting and setting aside a special election held in school district No. 45 of Kitsap county under an order of the county superintendent of schools, submitting to the voters the question of the consolidation of school districts No. 45 and No. 13 of that county. The case was tried on the merits to the court, resulting in a judgment upholding the election; from which the plaintiff has appealed.

■ Upon oral argument here, apparently for the first time, it is suggested that the remedy, instead of being by an independent action such as is here waged, was by appeal from the order of the county superintendent of schools approving the result of the election. However that may be, after having appeared generally in the superior court and having submitted to its jurisdiction for all purposes, we think it is now too late to raise that question.

■ The controversy here depends in large measure upon the construction to be placed upon the statute, Rem. Comp. Stat., § 5023, which governs the conduct of such elections. The statute reads:

"At the hour fixed for opening the polls the electors present shall select two electors to act as judges of the election and one elector to act as clerk of the election, and the three selected shall constitute the election board; and no election shall be held unless an election board is so constituted and qualified. The judges and clerk aforesaid shall, before entering upon the duties of their office, severally take and subscribe an oath or affirmation faithfully to discharge the duties as such officers of election, said oath or affirmation to be administered by any school officer or any other person authorized to administer oaths. The judges shall, be-

fore they commence receiving ballots, cause to be proclaimed aloud at the place of voting that the polls are now open.''

The words in this statute which distinguish this case from other election cases decided by this court are, ''and no election shall be held unless an election board is so constituted and qualified.'' The words used are so mandatory in character as to indicate a very strong intention on the part of the legislature that they shall not be construed as directory merely. These words amount to the same thing as saying that any election held in disregard of that provision shall be void.

As early as May 10, 1926, the *Attorney General* so construed this statutory provision in an able opinion to the prosecuting attorney of Kitsap county; which opinion was re-affirmed on April 3, 1931.

If, then, the statutory provision be mandatory, it only remains to inquire whether it was complied with in the election under consideration; and the answer must be that it was not.

There is plenty of evidence from which it might be held that the failure to comply did not affect the results of the election; so that, if the statutory provision referred to was directory only, the election might have been upheld under *Murphy v. Spokane,* 64 Wash. 681, 117 Pac. 476; *Loop v. McCracken,* 151 Wash. 19, 274 Pac. 793; and perhaps other cases from this court.

But we are now dealing with a direct mandatory provision of the statute, which admittedly was not directly complied with. The best that is claimed in that respect is that, at the time and place fixed for the opening of the polls, there being at least six voters then present, the school directors assumed to act as an election board, announcing that the law so required; that no one protested; and that they then signed their names in the body of the form of oath, but that the oath was

not administered to them or either of them by anyone or at all.

It is urged that the failure to protest by the voters present was equivalent to an affirmative act of selection; and perhaps under some circumstances, it might be so held. The peculiar circumstances of this case are that the school directors, or some of them, by announcing that the law constituted them the only election board, thereby withdrew all opportunity of choice from the electors, and rendered protest unavailing. Being ignorant of the law, and depending upon the superior knowledge of the directors, their silence, instead of giving consent to the selection of an election board, was but a submission to the supposed statutory law. Notwithstanding that all are supposed to know the law, yet the experience and superior knowledge of the directors was such as to constitute them the advisers of the uninformed electors, and they can not take advantage of their own wrong, even though it was unintentional.

While we are loath to put the district to the expense of another election, yet we feel that the mandatory provisions of the statute require us to do so.

Reversed, with directions to enter a judgment setting aside the election in school district No. 45.

MITCHELL, PARKER, BEELER, and HERMAN, JJ., concur.