The nonintervention will of Myron J. Cogswell was admitted to probate in 1919. It devised to his wife, Frances R. Cogswell, a life interest in his residuary estate, with power to sell under certain circumstances, and provided that, upon her death or remarriage, their daughter, Nellie P. Slayden, if then living, should take a life estate, also with power to sell under certain circumstances; that, upon Mrs. Slayden's death leaving issue, the estate should go to such issue; but upon her death without issue, the estate should go to the appellants, who were the brothers and sisters of Mrs. Cogswell.
After the will was admitted to probate, Mrs. Cogswell qualified as executrix, an inventory and appraisal was filed, an order of solvency was entered, and the inheritance tax was paid.
Mrs. Cogswell sold parcels of the real estate from time to time and, in 1933, filed a final report and petition for distribution, as permitted by Rem. Rev. Stat., § 1462 [P.C. § 9967]. That section provided that a final decree of distribution may be entered in a nonintervention estate in order to afford the parties in interest an opportunity to establish record title.Jones v. Peabody, 182 Wn. 148, 45 P.2d 915, 100 A.L.R. 64. It is a reasonable inference that Mrs. Cogswell petitioned for a final decree in order to perfect the title of her vendees. Pursuant to this petition, a final decree was entered on July 14, 1933, providing that the property already sold should be set aside to Mrs. Cogswell and that the purchasers from her should receive *Page 435 
the benefit of her title. As to the property remaining unsold, the decree provided:
". . . the same is hereby definitely set over, awarded and decreed unto the said Frances R. Cogswell, under and in accordance with the will of Myron J. Cogswell, deceased."
After the death of Mrs. Cogswell, Mrs. Slayden brought an action against the appellants to quiet title to the estate. In this action a general demurrer was sustained and the cause dismissed.
The appellants then instituted this proceeding, seeking a construction of the will and a decree of distribution in accordance therewith, by filing a petition in In the matter of the estate of Myron J. Cogswell and citing the respondent to appear and show cause why the petition should not be granted. The respondent appeared specially and challenged the jurisdiction of the court. The court held that it had no jurisdiction, and the citation was ordered quashed. The proceedings were subsequently dismissed, and this appeal was perfected.
[1] The trial court held that, since the estate of Myron J. Cogswell had been closed by final decree, it had no jurisdiction to issue citations therein. This rule is sound; such a citation would have no foundation.
Appellants cite Rem. Rev. Stat. (Sup.), § 784-1 [P.C. § 8108-21] et seq., which is a codification of chapter 113, Laws of 1935, p. 305, providing for declaratory judgments. This act, in § 784-4 [P.C. § 8108-24], purports to give devisees the right to institute proceedings to construe wills. It is not altogether clear that a devisee may proceed by citation. It may be that the statute contemplates an original action by summons and complaint. However that may be, it is certain that the act does not provide that such a proceeding may *Page 436 
be instituted by issuing a citation in a probate cause which has been closed by a final decree.
Appellants state in their brief, and stated on oral argument, that they have prosecuted this appeal for the reason that, if they acquiesced in the court's action in refusing to construe the will, it might be claimed at some future time that the question as to whether the will should be construed was res adjudicata.
This cannot happen because the refusal was grounded wholly upon lack of jurisdiction, which holding was, in turn, based upon the manner in which the proceedings were brought; that is to say, the case went off on a mere question of procedure.
Furthermore, if Mrs. Slayden dies without issue, and without having disposed of portions of the residuary estate of Myron J. Cogswell, and her executors or personal representatives refuse to surrender the same to the appellants, the remedies invoked will almost certainly be of such character that the court will be compelled to construe the will in order to render judgment.
The judgment and order appealed from is affirmed.
STEINERT, C.J., TOLMAN, HOLCOMB, and GERAGHTY, JJ., concur. *Page 437