[No. 27103. Department One. June 7, 1938.]

WASHINGTON BEAUTY COLLEGE, INC., *Appellant,* MOLER BARBER SCHOOL, INC., *et al., Plaintiffs,* v. HARRY C. HUSE, *as Director of Licenses, et al., Respondents.*[1]

[1]Reported in 80 P. (2d) 403.

*Edward Starin,* for appellant.

*The Attorney General* and *John E. Belcher, Assistant,* for respondents.

HOLCOMB, J.—This action was instituted under Rem. Rev. Stat. (Sup.), §§ 784-1 to 784-17 [P. C. §§8108-21 to 8108-37] (chapter 113, Laws of 1935, p. 305, as amended by chapter 14, Laws of 1937, p. 39), the declaratory judgment act, to secure a judgment passing upon the validity of § 3 (a) of chapter 215, Laws of 1937, p. 1043 (Rem. Rev. Stat. (Sup.), § 8278-3 (a) [P. C. § 427-53 (a)]). From a judgment entered holding this statutory provision constitutional, the Washington Beauty College, Inc., alone appeals.

Chapter 215, *supra,* reflects an attempt to regulate the practices of hairdressing and beauty culture. It sets forth the educational qualifications for hairdressers and beauty culturists, provides for schools and a course of study therefor, and the licensing of such operators.

Section 3 (a), chapter 215, Laws of 1937, provides in part:

"No person shall be licensed as an operator unless he shall be of the age of eighteen years or over, is of good moral character and temperate habits, *has a high school education,* and has completed a course of training of not less than two thousand (2,000) hours in not less than twelve (12) months, and shall have been examined as herein provided: *Provided,* That any person, otherwise qualified, who at the time the first

examination is held after this act shall take effect, has had a continuous course of study for twelve (12) months as an apprentice to a manager licensed under this act, or who has completed a six (6) months course of training in a beauty school licensed under this act, *may take such examination; . . ."* (Italics ours.)

Appellant conducts a school in which the practice of hairdressing and beauty culture is taught. In its complaint, appellant alleges that it has entered into contracts with students by which it agreed to furnish the necessary instruction to enable them to qualify for the examination required by law; that it now has a number of students enrolled who have no facilities for procuring a high school education when such contracted course shall be completed; that this act violates the fourteenth amendment of the Federal constitution and Art. I, § 3, of the state constitution, since it precludes any person who has not a high school education from qualifying to practice beauty culture and hairdressing; that the right of appellant to contract with students and prospective students would be abridged; that the provisions of this act are unduly burdensome, arbitrary, and unreasonable, and have no relationship to the public health or public welfare; and that the provisions of § 3 of the act would nullify existing contracts between appellant and students in its school, and thereby deprive appellant of its property without due process of law. We are not concerned with the other allegations embodied in the complaint, inasmuch as they were not argued upon appeal. Appellant prayed that the act be declared unconstitutional and that respondents be restrained from enforcing the same.

Respondents answered, admitting the formal allegations of the complaint, alleging that the provisions of § 3, *supra,* are necessary and proper to cure evils under

the existing law, and that this section of the act is not applicable to contracts existing on the effective date of the act. Appellant replied, stating that, if § 3 of the act were enforced it would abridge and nullify its contracts, and pleaded in effect a general denial.

The trial court entered judgment holding § 3 (a) of chapter 215, Laws of 1937, was a reasonable, valid, and constitutional regulation, necessary for the protection of the general public. A motion for a new trial was made and denied.

We are now called upon to determine whether § 3 (a), chapter 215, Laws of 1937, is violative of the fourteenth amendment to the constitution of the United States and of Art. I, § 3, of our state constitution.

It is urged that appellant is not in a position to have this court pass upon the constitutionality of this act because it has no suable interest.

Section 2, chapter 113, Laws of 1935 (Rem. Rev. Stat. (Sup.), § 784-2 [P. C. § 8108-22]) relating to declaratory judgments, provides:

"A person interested under a deed, will, written contract or other writings constituting a contract, or whose rights, status or other legal relations are affected by a statute, municipal ordinance, contract or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract or franchise and obtain a declaration of rights, status or other legal relations thereunder."

This court has had the declaratory judgment act under consideration in several recent cases. In *Johnson v. State,* 187 Wash. 605, 60 P. (2d) 681, 106 A. L. R. 237; *Acme Finance Co. v. Huse,* 192 Wash. 96, 73 P. (2d) 341; and *State ex rel. Yakima Amusement Co. v. Yakima County,* 192 Wash. 179, 73 P. (2d) 759, we allowed it to be invoked to determine the validity of certain statutes.

In *In re Cogswell's Estate,* 189 Wash. 433, 65 P. (2d)

1082, appellants sought the construction of a will and a decree of distribution. We held that the declaratory judgment act does not provide for the institution of such a proceeding, as the probate cause had been closed by final decree.

In *Schoenwald v. Diamond K Packing Co.*, 192 Wash. 409, 73 P. (2d) 748, appellant prayed for a declaratory judgment, which was refused by reason of the construction placed upon the contract and because the petition called for the adjudication of questions not raised by the appeal and which were beyond the jurisdiction of the court.

The statement of facts before us in the case at bar is in narrative form. The trial judge certified that it contains all of the evidence and testimony pertaining to the constitutionality of § 3 (a), *supra,* which was offered upon the trial of the cause. The contracts alleged to be affected are not in the record, nor is their content indicated. Besides, no evidence has been placed in the record to support the allegations in the complaint to the effect that appellant's existing contracts would be impaired by the aforementioned statutory provision. Under the pleadings, the burden is upon appellant to support its allegations by adequate proof. *Coffman v. Spokane Chronicle Pub. Co.,* 65 Wash. 1, 117 Pac. 596, Ann. Cas. 1913B, 636; *Steward v. Kopp Co.,* 134 Wash. 150, 234 Pac. 1053.

It should be remembered that this court is not authorized to render advisory opinions or pronouncements upon abstract or speculative questions under the declaratory judgment act. The action still must be adversary in character between real parties and upon real issues, that is, between a plaintiff and defendant having opposing interests, and the interests must be direct and substantial and involve an actual

as distinguished from a possible or potential dispute, to meet the requirements of justiciability.

The term "substantial interest" is not susceptible of a precise definition. It is a matter for judicial determination in each particular case.

In *Acme Finance Co. v. Huse, supra,* we said:

"Where the plaintiff has no legal interest, no judgment can be rendered; *Stewart v. Stewart,* 204 Cal. 546, 269 Pac. 439; *Perry v. Elizabethton,* 160 Tenn. 102, 22 S. W. (2d) 359; and also where the defendant has no legal interest; *Revis v. Daugherty,* 215 Ky. 823, 287 S. W. 28; *Banning v. Marsh,* 124 Neb. 207, 245 N. W. 775; and no judgment may be rendered where the interest of the parties is not conflicting. *Huester v. Lackawanna County,* 308 Pa. St. 9, 161 Atl. 537; *Hicks v. Greene County,* 200 N. C. 73, 156 S. E. 164."

For cases from other state courts relative to the conditions precedent which must be met before the declaratory judgment act may be invoked, see *Acme Finance Co. v. Huse, supra.*

See, also, Borchard, Declaratory Judgments (1934), 33; *Nashville, C. & St. L. R. Co. v. Wallace,* 288 U. S. 249, 77 L. Ed. 730, 53 S. Ct. 345, 87 A. L. R. 1191; *Bethlehem Shipbuilding Corp. v. Nylander,* 14 Fed. Supp. 201; *International Harvest Hat Co. v. Caradine Hat Co.,* 17 Fed. Supp. 79; *White Packing Co. v. Robertson,* 17 Fed. Supp. 120, affirmed 89 F. (2d) 775; *Agnew & Co. v. Hoage,* 17 Fed. Supp. 606.

Section 3 (a), *supra,* is directed essentially to students, who desire to qualify so as to secure a license to act as a hairdresser and to engage in the practice of beauty culture, rather than to beauty schools or colleges as such. No showing has been made of any direct or substantial injury threatened or suffered by appellant so as to present a justiciable issue. In our opinion, its interest is too remote to entitle it to invoke the declaratory judgment act.

Appellant relies upon *Bittrick v. Consolidated Imp. Co.,* 51 Wash. 469, 99 Pac. 303, and *State ex rel. Wright v. School Districts Nos. 45 and 13,* 165 Wash. 440, 5 P. (2d) 1009, in support of the proposition that the question of plaintiff's right to sue must be raised in the first instance in the trial court; and that, upon failure to do so, that question cannot be first raised on appeal. These cases are not controlling here, inasmuch as they were not brought under the declaratory judgment act, nor did they involve the jurisdiction of this court under that act.

Rem. Rev. Stat., § 263 [P. C. § 8350], provides:

"If no objection be taken either by demurrer or answer, the defendant shall be deemed to have waived the same, *excepting always the objection that the court has no jurisdiction,* or that the complaint does not state facts sufficient to constitute a cause of action, which objection can be made at any stage of the proceedings, either in the superior or supreme court." (Italics ours.)

Parties cannot by stipulation give this court authority to entertain jurisdiction, and the question of jurisdiction may be raised at any time. *Puget Sound Agricultural Co. v. Pierce County,* 1 Wash. Ter. 75; *Steiner v. Nerton,* 6 Wash. 23, 32 Pac. 1063; *First Nat. Bank of Aberdeen v. Carter,* 10 Wash. 11, 38 Pac. 877; *Seattle Nat. Bank v. Trefethen,* 168 Wash. 173, 11 P. (2d) 244.

Under the disposition we have made of this case, it becomes unnecessary to pass upon the other assignment of error.

The judgment is therefore reversed, and remanded with instructions to dismiss this proceeding.

ROBINSON, MAIN, GERAGHTY, and SIMPSON, JJ., concur.