[No. 39196-1-II.   Division Two.   May 11, 2010.]

KITSAP COUNTY PROSECUTING ATTORNEY'S GUILD ET AL., *Plaintiffs*, v. KITSAP COUNTY, *Defendant*.

KITSAP SUN, *Respondent*, v. KITSAP COUNTY PROSECUTING ATTORNEY'S GUILD ET AL., *Defendants*, KITSAP COUNTY, *Appellant*.

---

112

*Russell D. Hauge, Prosecuting Attorney*, and *Deborah A. Boe, Deputy*, for appellant.

*Greg Overstreet* and *David M. Norman* (of *Allied Law Group LLC*), for respondent.

*Katherine George* on behalf of Allied Daily Newspapers of Washington, Washington Newspaper Publishers Association, and Washington Coalition for Open Government, amici curiae.

*Ramsey E. Ramerman, Matthew S. Kaser*, and *Peter M. Ruffatto* on behalf of Washington State Association of Municipal Attorneys, amicus curiae.

¶1 QUINN-BRINTNALL, J. — Following a public records request from the *Kitsap Sun* (*Sun*) to Kitsap County (County), several employee guilds (Guilds) sought to enjoin disclosure of county employees' towns of residence under the Public Records Act (PRA) (ch. 42.56 RCW). The Kitsap County Superior Court, however, never entered a preliminary injunction against disclosure. Eventually, the trial court granted the *Sun*'s motion for summary judgment and denied the Guilds' motion for summary judgment. It ordered the County to disclose its employees' towns of residence. After additional briefing, the trial court found that the County was liable for attorney fees, costs, and penalties under the PRA. We hold that the trial court did not abuse its discretion when it ordered the County to pay attorney fees, costs, and penalties under the PRA and affirm.

## FACTS

PUBLIC RECORDS REQUEST

¶2 On July 21, 2008, the *Sun* filed a public records request with the County seeking a database of county employees containing the employees' names, number of years of employment with the County, department assigned to within the County, job title, office phone number, annual pay rate, and town of residence. On July 25, the County sent the *Sun* acknowledgment that it received the *Sun*'s request.[1] The County stated that "[a]ll documents responsive to this request will be reviewed and prepared for release. We hope to release these documents no later than August 8, 2008." Clerk's Papers (CP) at 166.

¶3 On August 8, the County released all of the requested information except for the employees' towns of residence. The County was unclear as to whether the employees' towns of residence were exempt from disclosure. In a letter to the *Sun*, it stated in part:

---

[1] Agencies are required to respond to public records requests within five business days of receiving the request. RCW 42.56.520.

> Under the [PRA], residential addresses of public employees and volunteers are exempt from inspection and copying. *See* RCW 42.56.250. It is not clear to the County whether "town of residence" is included within the meaning of "residential address."
>
> The County is taking action to determine whether County employees object to the public release of their "town of residence". If employees consider the release of their town of residence to be a violation of the [PRA] or an invasion of privacy then the County may file a declaratory judgment action and ask the court to rule whether employees' "town of residence" is exempt from public disclosure.

CP at 152. The County closed the letter by stating that it would decide whether it would file a declaratory action by August 20, 2008.

¶4 That same day, the County notified its employees of the *Sun*'s request, seeking their feedback on the potential release of their towns of residence. The County received over 200 employee objections.

¶5 Meanwhile, on August 15, the *Sun* sent an e-mail to the County alleging that it had not complied with its public records request. The County responded by letter, in which it stated:

> On August 8, 2008, we responded to your request for records by submitting the records you requested, except that the response did not include employees' town of residence. In the letter we explained that the County was taking additional time to notify employees of your request for their town of residence. In addition, because we believe that employees' town of residence is exempt under RCW 42.56.250 and RCW 42.56.050, input from employees will help us determine whether the County should take action under RCW 42.56.210(2), RCW 42.56.540, and/or chapter 7.24 RCW. As indicated in our August 8 letter, we will notify you by August 20, 2008 whether the County intends to seek judicial review.

CP at 65. The County failed to inform the *Sun* of its intended course of action by August 20.

PROCEDURE

¶6  On August 22, the Guilds[2] filed a petition for declaratory judgment and injunctive relief, seeking to enjoin disclosure of the employees' towns of residence. The County notified the *Sun* of the Guilds' action. On August 25, the County filed a response, in which it admitted that it "released all of the requested information to . . . the Kitsap Sun except records containing County employees' town of residence." CP at 10. No order enjoining disclosure of this information was entered.

¶7  The Guilds moved for summary judgment. In their motion and supporting memorandum, the Guilds asked the trial court to issue a declaratory judgment that an employee's town of residence is exempt from disclosure under RCW 42.56.250(3) and RCW 42.56.050.

¶8  Before the County responded to the Guilds' motion for summary judgment, the *Sun* moved to intervene. All parties stipulated to the *Sun*'s intervention. On October 14, the *Sun* then filed a complaint to enforce its public records request against the County. The *Sun* later filed a motion for summary judgment. In its motion and supporting memorandum, the *Sun* argued that (1) an employee's town of residence does not fall under the PRA's exemption for records that constitute a privacy invasion if disclosed, (2) the information does not constitute "personal information" under the exemption set forth in RCW 42.56.230(2), and (3) a town of residence is not a residential address as contemplated in the exemption under RCW 42.56.250(3). The *Sun* contended further that the County violated the PRA by withholding the requested records and by claiming that it was merely a stakeholder in the matter until the trial court issued an order requiring disclosure.

¶9  The County replied to both the Guilds' and the *Sun*'s motions for summary judgment. In its response to the

---

[2] Two county employee guilds originally filed the petition for declaratory judgment and injunctive relief. Later, two additional employee guilds joined the action.

Guilds' motion, the County stated only that it "has no objection to [the Guilds'] Motion for Summary Judgment and Injunctive Relief." CP at 168. In its response to the *Sun*'s motion, it argued that it had complied with the PRA's procedural requirements of disclosure and that it should not be liable for attorney fees and penalties if the *Sun* ultimately succeeded at trial.

¶10 On November 7, the parties appeared in Kitsap County Superior Court for a summary judgment hearing. The Guilds and the *Sun* argued their respective sides as to whether "town of residence" is exempt from disclosure. The County argued only as to the attorney fees issue. On December 1, the trial court granted the *Sun*'s motion for summary judgment and denied the Guilds' motion. In addition, the trial court requested further briefing from the *Sun* and the County regarding attorney fees and penalties.

¶11 After additional briefing by the *Sun* and the County, the trial court issued its decision as to attorney fees, costs, and penalties. It found that the *Sun* was the prevailing party against the County and it therefore concluded that the County was liable for attorney fees, costs, and penalties. It ordered the County to pay $20,620.00 in attorney fees, $26.55 in costs, and $5.00 per day for 169 days that it withheld disclosure of the requested documents for a total of $845.00 in penalties.[3] The County appealed.

## ANALYSIS

¶12 The briefs on appeal present interesting issues of broad public importance. Unfortunately, the record does not contain the documents and the evidence necessary for us to reach the merits. The sole issue before us for review is whether the trial court properly imposed attorney fees and penalties on the County under the PRA. The County argues that because it exercised good faith, the trial court erred

---

[3] During oral argument before this court, the *Sun* informed us that the County disclosed its employees' towns of residence approximately six weeks after the trial court ordered it to do so. The County did not dispute this assertion.

when it imposed attorney fees and penalties under the PRA. We disagree.

¶13 The purpose of the PRA is to "ensure the sovereignty of the people and the accountability of the governmental agencies that serve them" by providing full access to information concerning the conduct of government. *Amren v. City of Kalama*, 131 Wn.2d 25, 31, 929 P.2d 389 (1997). The PRA begins with a mandate of full disclosure of public records. That mandate is limited only by the precise, specific, and limited exemptions the PRA describes. *Progressive Animal Welfare Soc'y v. Univ. of Wash.*, 125 Wn.2d 243, 258, 884 P.2d 592 (1994). If public records do not fall within those exemptions, their disclosure must be timely. *Spokane Research & Def. Fund v. City of Spokane*, 155 Wn.2d 89, 102, 117 P.3d 1117 (2005). Attorney fees, costs, and penalties for late disclosure are mandatory, as RCW 42.56.550(4) provides:

> Any person who prevails against an agency in any action in the courts seeking the right to inspect or copy any public record or the right to receive a response to a public record request within a reasonable amount of time shall be awarded all costs, including reasonable attorney fees, incurred in connection with such legal action. In addition, it shall be within the discretion of the court to award such person an amount not less than five dollars and not to exceed one hundred dollars for each day that he or she was denied the right to inspect or copy said public record.

¶14 "A showing of bad faith is not required nor does good faith reliance on an exemption exonerate an agency that mistakenly relies upon that exemption." *Spokane Research & Def. Fund*, 155 Wn.2d at 101 (citing *Amren*, 131 Wn.2d at 36); *accord Yousoufian v. Office of Ron Sims*, 168 Wn.2d 444, 460, 229 P.3d 735 (2010). State agencies may not resist disclosure of public records until a suit is filed and then avoid paying fees and penalties by disclosing them voluntarily thereafter. *Spokane Research & Def. Fund*, 155 Wn.2d at 103. If a court determines that the requested records do not fall within an exemption to the PRA, the

prevailing party is entitled to costs and penalties from the agency. RCW 42.56.550(4). Whether a party is prevailing is a "legal question of whether the records should have been disclosed on request." *Spokane Research & Def. Fund*, 155 Wn.2d at 103; *see* RCW 42.56.550(4). Subsequent events do not affect the wrongfulness of the agency's initial withholding of records if the records were wrongfully withheld at the time. *Spokane Research & Def. Fund*, 155 Wn.2d at 102-03.

¶15 There is no question here that the information the *Sun* requested did not fall under one of the PRA's precise, specific, and limited exceptions. *See Spokane Research & Def. Fund*, 155 Wn.2d at 102. Indeed, on appeal, the County does not contend that its employees' towns of residence were exempt from disclosure. Accordingly, the County was required to release that information to the *Sun* in a timely manner. RCW 42.56.550(4); *Spokane Research & Def. Fund*, 155 Wn.2d at 102.

¶16 The County did not release its employees' towns of residence in a timely manner. Rather, it informed the *Sun* that it would not agree to disclosure until it had notified the affected employees. It further informed the *Sun* by letter that if the affected employees objected to disclosure of their towns of residence, it might file a declaratory judgment action. This letter expressly advised the *Sun* that the County would inform it of its decision no later than August 20, 2008. But the County neglected to do so by that date. Therefore, the *Sun* could well assume that the County was going to file a declaratory action seeking nondisclosure of its employees' towns of residence.

¶17 The County waited until August 22, when the Guild filed a petition for a declaratory judgment and injunctive relief seeking to enjoin disclosure of the employees' towns of residence, to inform the *Sun* that it would not provide the documents until the issue was resolved by the court. But the County may not refuse to honor a public records request pending a court decision without violating the PRA. A request for an injunction is not a court order enjoining disclosure. In the absence of an order enjoining

disclosure, the County was required to approve or deny the *Sun*'s PRA request. Here, the trial court never issued any order enjoining disclosure of the employees' towns of residence. That the trial court never issued an injunction prohibiting disclosure of the County employees' towns of residence appears to have been an honest mistake shared by all parties. In any event, the fact remains that the County was never legally prevented from disclosing that information. Thus, it had an obligation to disclose under the PRA. RCW 42.56.550(4); *Spokane Research & Def. Fund*, 155 Wn.2d at 102.

¶18 The PRA mandates full disclosure of public records in a timely manner. *See Spokane Research & Def. Fund*, 155 Wn.2d at 102-03; *Amren*, 131 Wn.2d at 31. Absent an injunction, the County has no authority to resist disclosing public records until an affected entity files a claim and avoid paying fees and penalties by disclosing them "voluntarily" thereafter. *Spokane Research & Def. Fund*, 155 Wn.2d at 103. As late as the summary judgment hearing on November 7, the County asserted that it was unsure as to whether it would grant or deny the *Sun*'s request for county employees' towns of residence.

¶19 Here, the County requested a reasonable amount of time to determine whether the requested information was disclosable under the PRA, August 20, but it did not make its decision by that date. Moreover, although there was no injunction, the County failed to provide the requested information in an attempt to avoid paying fees and fines until the trial court ruled on the legality of disclosure. This is not acceptable under the PRA. *See Spokane Research & Def. Fund*, 155 Wn.2d at 103.

¶20 We review a trial judge's ruling on attorney fees for an abuse of discretion. *See Confederated Tribes of the Chehalis Reservation v. Johnson*, 135 Wn.2d 734, 757-58, 958 P.2d 260 (1998). Recently, a majority of our Supreme Court identified 16 nonexclusive factors to guide the trial court's exercise of its discretion in setting fees and fines for PRA violations. *Yousoufian*, 168 Wn.2d at 467-68. After

ruling that the trial court "must consider the entire penalty range established by the legislature," currently $5.00 to $100.00, the high court set out seven mitigating and nine aggravating factors. *Yousoufian*, 168 Wn.2d at 466-68.

> In our view, mitigating factors that may serve to decrease the penalty are (1) a lack of clarity in the PRA request; (2) the agency's prompt response or legitimate follow-up inquiry for clarification; (3) the agency's good faith, honest, timely, and strict compliance with all PRA procedural requirements and exceptions; (4) proper training and supervision of the agency's personnel; (5) the reasonableness of any explanation for non-compliance by the agency; (6) the helpfulness of the agency to the requestor; and (7) the existence of agency systems to track and retrieve public records.

> Conversely, aggravating factors that may support increasing the penalty are (1) a delayed response by the agency, especially in circumstances making time of the essence; (2) lack of strict compliance by the agency with all the PRA procedural requirements and exceptions; (3) lack of proper training and supervision of the agency's personnel; (4) unreasonableness of any explanation for noncompliance by the agency; (5) negligent, reckless, wanton, bad faith, or intentional noncompliance with the PRA by the agency; (6) agency dishonesty; (7) the public importance of the issue to which the request is related, where the importance was foreseeable to the agency; (8) any actual personal economic loss to the requestor resulting from the agency's misconduct, where the loss was foreseeable to the agency; and (9) a penalty amount necessary to deter future misconduct by the agency considering the size of the agency and the facts of the case.

> Our multifactor analysis is consistent with the PRA and our precedents and provides guidance to trial courts, more predictability to parties, and a framework for meaningful appellate review. We emphasize that the factors may overlap, are offered only as guidance, may not apply equally or at all in every case, and are not an exclusive list of appropriate considerations. Additionally, no one factor should control. These factors should not infringe upon the considerable discretion of trial courts to determine PRA penalties.

*Yousoufian*, 168 Wn.2d at 467-68 (footnotes omitted). We recognize that these factors were not available to guide the trial court's exercise of its discretion here; nevertheless, we see no abuse. The trial court properly imposed on the County reasonable attorney fees and penalties for failing to disclose the public records to the *Sun* as the PRA required. *See* RCW 42.56.550(4); *Spokane Research & Def. Fund*, 155 Wn.2d at 103.

¶21 Finally, the parties ask us to ignore the procedural posture of this case and to rule on the merits of the issues briefed.[4] But we do not give advisory opinions. *Commonwealth Ins. Co. of Am. v. Grays Harbor County*, 120 Wn. App. 232, 245, 84 P.3d 304 (2004) (citing *Wash. Beauty Coll., Inc. v. Huse*, 195 Wash. 160, 164, 80 P.2d 403 (1938)). We note only that fees and fines under the PRA are mandatory when a government agency wrongfully denies disclosure. RCW 42.56.550(4). The cases on which the County relies for the proposition that a trial court need not impose attorney fees and fines to government agencies under the PRA are inapposite and, in light of the high court's decision in *Yousoufian*, somewhat outdated. Moreover, in *Confederated Tribes*, 135 Wn.2d at 758-59, and *Bellevue John Does 1-11 v. Bellevue School District No. 405*, 164 Wn.2d 199, 206-07, 189 P.3d 139 (2008), the government agencies were prohibited from disclosing the requested information because preliminary injunctions prevented them from doing so. Here, there was no court order prohibiting the County from disclosing its employees' towns of residence. Accordingly, the County is subject to mandatory attorney fees and fines under the PRA. RCW 42.56.550(4); *Spokane Research & Def. Fund*, 155 Wn.2d at 102.

---

[4] Following oral argument, the County filed a motion to allow supplemental briefing to address the trial court's lack of entry of a preliminary injunction and the County's failure to inform the *Sun* by August 20 of its decision to disclose the information or seek to enjoin disclosure. The County did not move to supplement the record under RAP 9.10 or RAP 9.11. Accordingly, we deny the County's motion for supplemental briefing, RAP 10.1(h), and decide the case on the record the parties filed in this court.

¶22 The *Sun* requests attorney fees on appeal under RAP 18.1 and we award reasonable attorney fees to the *Sun* as the prevailing party in an amount to be determined by the commissioners of this court on its timely compliance with RAP 18.1.

¶23 Affirmed.

HUNT and WORSWICK, JJ., concur.