**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

**DIVISION II**

| | |
|---|---|
| THOMAS G. ERICKSON dba ENERGY TECHNOLOGY COMPANY, | No. 58908-7-II |
| Appellant, | |
| v. | |
| RETAIL OPPORTUNITY INVESTMENTS CORP. AND ITS GOVERNORS/BOARD DIRECTIORS:LAURA H. POMERANTZ, ERICK S. ZORN, MICHAEL J. INDIVERI, MICHAEL HAINES, STUART A. TANZ, LEE S. NEIBART, RICHARD BAKER, RICHARD SCHOEBEL, ADRIENE BANKS PITTS, ANGELA HO, AND ZABRINA M. JENKINS; RETAIL OPPORTUNITY INVESTMENTS PARTNERSHIP, LP; AND RETAIL OPPORTUNITY INVESTMENTS GP, LLC, | UNPUBLISHED OPINION |
| Defendants, | |
| ROIC WASHINGTON LLC, | |
| Respondent. | |

GLASGOW, J.—Thomas G. Erickson did electrical work on a restaurant. Erickson then sued Retail Opportunity Investments Corp., ROIC Washington LLC, Retail Opportunity Investments Partnership LP, Retail Opportunity Investments GP LLC, and several stockholders of ROIC (collectively ROIC) under quantum meruit and civil conspiracy theories. Erickson sought payment for his work, punitive damages, and "exemplary damages." Erickson also sought "pro se litigation fees," the equivalent of attorney fees but for prevailing nonlawyers to compensate for their time spent on their litigation. The trial court dismissed Erickson's complaint with prejudice and denied

his motion for pro se litigation fees. Erickson appeals only the superior court's denial of pro se litigation fees.

Erickson did not prevail below, making him ineligible to collect fees even under his own theory, and thus, we affirm the superior court. Because Erickson's appeal is frivolous, we also award attorney fees on appeal to ROIC.

FACTS

Erickson is a Washington and Oregon licensed electrical contractor and the sole proprietor of Energy Technology Company. ROIC's tenant contracted with a general contractor, Barron Builders LLC, to renovate a bar and grill. Barron hired Erickson's company to complete electrical work on the restaurant renovation.

Erickson claimed that he was not fully paid for his work on the restaurant's renovation and that he was owed an amount less than $10,000. Erickson filed a complaint against ROIC but not Barron. In the complaint, Erickson sought recovery from all ROIC defendants under quantum meruit and civil conspiracy theories. He sought payment for his work (less than $10,000), punitive damages (over $113,000), and exemplary damages ($2,250,000). Relevant to this appeal, Erickson also requested payment of pro se litigation fees "for fair compensation to Mr. Erickson for his drafting this lawsuit" in the amount of $18,000. Clerk's Papers at 16. Erickson argued he was entitled to these pro se litigation fees, claiming the 120 hours he spent developing the complaint should be compensated at $150 per hour because this work was ultimately necessary to obtain recovery.

The trial court dismissed the complaint under CR 12(b)(6) with prejudice for failure to state a claim for quantum meruit; for civil conspiracy; and for recovery of punitive damages, exemplary

damages, or damages to compensate Erickson for preparing the complaint. Further, the trial court dismissed the complaint with prejudice as a sanction against Erickson for filing the complaint for an improper purpose under CR 11. The trial court awarded approximately $1,700 in attorney fees and costs to ROIC, even though ROIC requested over $43,000.

Erickson does not appeal the dismissal of his quantum meruit, civil conspiracy, or punitive damages claims, nor does he appeal dismissal as a sanction under CR 11. In his notice of appeal, he seeks only the following relief: "Erickson seeks PRO SE litigation AWARDS for litigation 'time spen[t] and expenses' in FUTURE, not current case, state of Washington court cases, except Small Claims, to be AWAR[D]ED to ALL PRO SE litigants if he/she is the PREVAILING PARTY." Notice of Appeal at 2. *See also id.* at 7 ("The state of Washington has denied ERICKSON his ability to be paid for his Pro Se litigation efforts to be paid fairly for ETC's services provided to ROIC.") Thus, Erickson asks this court to establish a new legal principle that would award *prevailing* self-represented litigants compensation for time spent representing themselves in a litigation, and he seeks fees in this case even though he did not prevail on the merits.

## ANALYSIS

### I. PREVAILING PRO SE LITIGATION FEES

While acknowledging that no state or federal law supports awarding "pro se litigation fees," Erickson asks this court to establish a new legal principle granting prevailing pro se litigants compensation for their time spent litigating cases. Erickson acknowledges that only *prevailing* parties should be awarded their proposed fees.

Erickson also acknowledges that this case was dismissed with prejudice and he does not claim to have prevailed on the merits below. For example, Erickson seeks pro se litigation fees "in FUTURE, not current case[s]," to be awarded to pro se litigants if they are the "PREVAILING PARTY." *Id.* at 2. Additionally, Erickson "prays that this court . . . award[] [pro se litigants] their litigation fees (honorarium) equal to attorney fees *if victorious*." Appellant's Br. at 57 (emphasis added).

We do not issue advisory opinions on issues that are abstract, speculative, or not based on actual facts established below. *See Commonwealth Ins. Co. of Am. v. Grays Harbor County*, 120 Wn. App. 232, 245, 84 P.3d 304 (2004). *See also Wash. Educ. Ass'n v. Pub. Disclosure Comm'n*, 150 Wn.2d 612, 623, 80 P.3d 608 (2003); *Wash. Beauty Coll., Inc. v. Huse*, 195 Wash. 160, 164, 80 P.2d 403 (1938).

In his complaint filed at the trial court, Erickson requested payment of pro se litigation fees. However, Erickson did not prevail in the trial court; his complaint was dismissed with prejudice on all counts and he is not contesting the dismissal on the merits. Erickson instead asks us to address his request for a new rule that might entitle him and other parties to recover compensation in future cases, but this request is only hypothetical and speculative, not an actual, present dispute. Even if this court were to adopt Erickson's proposed legal principle of awarding litigation fees to a prevailing pro se litigant, Erickson would not be entitled to such fees in this case because he is not a prevailing party. Thus, addressing this issue would amount to an advisory opinion.

Moreover, to the extent that Erickson is asking us to treat pro se litigants the same as litigants who are represented by counsel, "'Washington generally follows the 'American rule' on

attorney fees, which provides that attorney fees are not recoverable *by the prevailing party* as costs of litigation unless the recovery is permitted by contract, statute, or some recognized ground of equity."' *N.Y. Life Ins. Co. v. Mitchell*, 1 Wn.3d 545, 570, 528 P.3d 1269 (2023) (emphasis added) (quoting *Leingang v. Pierce County Med. Bureau, Inc.*, 131 Wn.2d 133, 143, 930 P.2d 288 (1997)). Apart from some rare exceptions not applicable here, attorney fees are generally awarded only in connection with a prevailing claim. *See Dalton M, LLC v. N. Cascade Tr. Servs., Inc.*, 2 Wn.3d 36, 56, 534 P.3d 339 (2023).

Finally, we do not address the constitutional claims that Erickson raises on appeal because we have resolved his assignments of error on nonconstitutional grounds. *Wash. Fed'n of State Emps., Council 28 v. State*, 2 Wn.3d 1, 25, 534 P.3d 320 (2023) (citing *Tunstall v. Bergeson*, 141 Wn.2d 201, 210, 5 P.3d 691 (2000)).

In sum, we decline to address Erickson's arguments regarding the extension of litigation fees to prevailing pro se litigants, and we affirm the trial court's decision denying Erickson such fees.[1]

---

[1] Erickson filed a motion on October 17, 2024, asking this court to consider additional evidence not included in the record in this case. The motion failed to address or satisfy the factors in RAP 9.11. We deny that motion. On October 21, 2024, Erickson also filed a financial declaration, but it is unrelated to the determinative issue in this case, so we need not take any action with regard to that filing. On November 1, 2024, Erickson filed a motion for production of the court record. This court has provided the record to Erickson by e-mail and we do not need to take any further action on this motion. Finally, on November 4, 2024, Erickson filed a motion to file an overlength motion for sanctions, which he entitled "Motion for Permission to Modify Format of Motion for Sanctions." We deny that motion. *See* RAP 17.6(b).

## II. ATTORNEY FEES ON APPEAL

ROIC requests an award of attorney fees on appeal under RAP 18.1, arguing that Erickson's appeal is frivolous.

Under RAP 18.1(a), a party on appeal is entitled to attorney fees if applicable law authorizes the award. RAP 18.9(a) authorizes this court to award sanctions, terms, or compensatory damages when a party files a frivolous appeal. *Advocs. for Responsible Dev. v. W. Wash. Growth Mgmt. Hr'gs Bd.*, 170 Wn.2d 577, 580, 245 P.3d 764 (2010). "An appeal is frivolous if, considering the entire record, the court is convinced that the appeal presents no debatable issues upon which reasonable minds might differ, and that the appeal is so devoid of merit that there is no possibility of reversal." *Id.* "All doubts as to whether the appeal is frivolous should be resolved in favor of the appellant." *Id.*

In *Stiles v. Kearney*, the court held that the appeal was frivolous because none of the appellant's arguments could possibly have resulted in reversal, because they either lacked merit, relied on misunderstanding of the record, required consideration of evidence outside the record, or were not adequately briefed. 168 Wn. App. 250, 268, 277 P.3d 9 (2012). Like in *Stiles*, all of Erickson's arguments lack merit and could not possibly have resulted in reversal. The trial court pointed out below that Erickson's arguments did not meet the minimal standard under CR 11 and dismissed the lawsuit as a sanction. To the extent that Erickson was unaware that his arguments lacked any merit, the trial court's CR 11 dismissal put him on notice that a court could find these arguments frivolous. Erickson has not presented any arguments on appeal that create a debatable issue. We therefore award fees to ROIC for having to defend against a frivolous appeal.

No. 58908-7-II

CONCLUSION

We affirm. We award attorney fees on appeal to ROIC in an amount to be determined by a commissioner of this court.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

GLASGOW, J

We concur:

LEE, P.J.

CHE, J.

7